PER CURIAM.
The writ is granted.
On February 15, 1980, this court granted Writ No. 66608, State ex rel. Grayer v. Armistead, 380 So.2d 624 with the following order:
“Writ granted. The trial court is instructed to order a report from East La. State Hospital and to proceed thereafter according to law. See Jackson v. Indiana, 406 U.S. 715, [92 S.Ct. 1845, 32 L.Ed.2d 435] (1972); State v. Williams, 363 So.2d 441 (La. 1978).”
On April 25, 1980, relator again filed an application in this court complaining of the action taken by the district court at a hearing held April 24.
Subsequent inquires produced the transcript of the April 24 hearing, but no one was able to supply us with the report from the East Louisiana State Hospital.
Code of Criminal Procedure article 648 recognizes the rule of Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). When a defendant is found to lack the mental capacity to proceed, he is committed to a state mental institution for a time not to exceed the maximum sentence he would receive if convicted of the crime. At any time thereafter a hearing may be held to determine whether the defendant will attain the capacity to proceed in the foreseeable future and whether he is a danger to himself and others. After this hearing, if the court determines that the defendant will be incapable of standing trial in the foreseeable future and may be released without danger to himself or others, the defendant will be released on probation, pursuant to other provisions of article 648.
*89 Since the record before us does not contain the report from the East Louisiana State Hospital on the prognosis of the defendant’s attaining the capacity to proceed with trial in the foreseeable future, we cannot review that element of the hearing. The transcript furnished to this court of the April 24 hearing shows no testimony except from Dr. Ritter and Dr. Medina, who were apparently members of the original lunacy commission. The trial judge stated at the conclusion of the “re-evaluation” hearing that “the Court has requested and received a report from Louisiana State Mental Hospital ...” There was no finding relating to the dangerous quality of defendant.
These things must be determined in a hearing: (1) will the defendant attain the capacity to proceed with his trial in the foreseeable future; (2) is he a danger to himself or others. If the defendant will not gain the capacity to proceed, and is not danger to himself or others, he must be released on probation as provided in article 648. If the court determines that the mentally defective defendant is unlikely in the foreseeable future to be capable of standing trial, and is a danger to himself or others, the court shall order a commitment to a suitable treatment facility. This commitment is classified in the statute as a “civil commitment,” and will be thereafter governed by civil commitment statutes.
Therefore, the district court is ordered to hold another hearing in accordance with our order and the provisions of C.Cr.P. 648.
DENNIS, J., not participating.'