593 So.2d 1348 (1991)
Wallace J. POURCIAU
v.
EAST LOUISIANA STATE HOSPITAL and Warren T. Price, Jr.
No. CA 91 1867.
Court of Appeal of Louisiana, First Circuit.
December 30, 1991.
*1349 Sam D'Amico, Baton Rouge, for plaintiff-appellant.
Fernin Eaton, Baton Rouge, for defendants-appellees.
Before EDWARDS, LeBLANC and FOIL, JJ.
EDWARDS, Judge.
Appellant, Mr. Wallace Pourciau, was indicted for second degree murder in the Eighteenth Judicial District, West Baton Rouge Parish. This court, in an unpublished opinion, affirmed the finding by the trial court that Mr. Pourciau lacked the mental capacity to proceed in the criminal prosecution against him. The district court committed Mr. Pourciau to the Feliciana Forensic Facility. By a later judgment, signed February 22, 1991, the district court found that Mr. Pourciau was (1) "incapable of standing trial, and ... unlikely in the foreseeable future to be capable of standing trial," (2) "a danger to himself or others, and" (3) ordered Mr. Pourciau "committed to East Louisiana State Hospital in accordance with the law." By letter dated April 5, 1991, to the Eighteenth Judicial Court (the committing court), Mr. Pourciau's treatment team recommended that Mr. Pourciau "be placed in a less restrictive environment such as a nursing home near family members."
The record contains no evidence of any action taken by the committing court or the West Baton Rouge District Attorney (district attorney). Mr. Pourciau filed an application for a writ of habeas corpus in the Twentieth Judicial District Court, the judicial district where Mr. Pourciau is confined. The East Louisiana State Hospital and Mr. Price, its chief executive officer (East Louisiana State Hospital) filed an answer and averred that the hospital had custody pursuant to a court order of the committing court. The hospital produced Mr. Pourciau at the hearing on the writ of habeas corpus.
The Twentieth Judicial District Court (trial court), in its oral reasons for the judgment, found that the hospital had the duty *1350 to notify the committing court and the district attorney of the proposed discharge of Mr. Pourciau. The trial court found that the appropriate forum for a determination of whether Mr. Pourciau was still a danger to himself or others and should be discharged was the committing court and that the committing court had a duty to hold such a hearing. The trial court held that Mr. Pourciau, at the time of the hearing, was being held pursuant to a valid court order and dismissed Mr. Pourciau's action. Mr. Pourciau appealed.
Louisiana Code of Criminal Procedure article 648 A suspends the criminal prosecution when the court determines that the defendant lacks the mental capacity to proceed to trial. If a defendant charged with a felony is likely to commit crimes of violence and his capacity cannot be restored within ninety days, the defendant is committed to the Feliciana Forensic Facility. LSA-C.Cr.P. art. 648A(2). After the commitment, on the recommendation of the superintendent of the institution where the defendant is detained that the defendant will not regain the capacity to proceed in the foreseeable future, the committing court must conduct a contradictory hearing within a reasonable time. At the hearing, the committing court must determine (1) whether the defendant is likely to regain the capacity to proceed, and (2) whether the defendant is a danger to himself or others. LSA-C.Cr.P. art. 648B(1). If the court determines that the defendant is "incapable of standing trial, is a danger to himself or others, and is unlikely in the foreseeable future to be capable of standing trial, the court shall order commitment to a designated and medically suitable treatment facility." Such a judgment shall constitute an order of civil commitment. LSA-C.Cr.P. art. 648B(3).
After the article 648B(3) civil commitment, the commitment is governed by the civil commitment statutes found in LSA-R.S. 28:1, et seq. State ex rel. Grayer v. Armistead, 402 So.2d 88, 89 (La.1980). The committing court, however, retains jurisdiction over these article 648B(3) civil commitments. See LSA-R.S. 28:56A, B, C, G & I; R.S. 28:96G; R.S. 15:211; LSA-C.Cr.P. art. 648B(3) & 649. The civil commitment statutes are restricted in their application to article 648B(3) commitments by LSA-C.Cr.P. articles 648 and 649, by LSA-R.S. 28:56I and R.S. 15:211. The procedure for handling defendants committed to mental institutions because of the lack of the capacity to proceed to trial are found in LSA-R.S. 15:211. The medical staff of the institution is required to periodically review the defendant's record to determine the defendant's present mental condition and to determine whether the defendant is capable of discharge, conditional or unconditional, or of being placed on probation, without being a danger to himself or others, or whether the defendant is capable of standing trial. These recommendations are made by the superintendent to a review panel or the committing "court as provided for in Title XXI relating to insanity proceedings of the Code of Criminal Procedure." LSA-R.S. 15:211A. "[T]he director of the institution designated for the patient's treatment shall, in writing, notify the court and the district attorney when the patient is to be discharged or conditionally discharged. LSA-C.Cr.P. art. 648B(3). Section B of LSA-R.S. 15:211 gives the medical staff of the institution to which the defendant is committed the authority to determine whether he should be confined to a security ward designated in LSA-R.S. 28:25 or placed in a different ward in the institution. No provision is made in R.S. 15:211 for a transfer to a less restrictive facility. Of course, the superintendent may make a recommendation for discharge, conditional or unconditional, if the staff has determined whether the defendant can be discharged without being a danger to himself or others. LSA-R.S. 15:211A.
Even in ordinary involuntary civil commitments, more of a showing than a simple request to discharge to a less restrictive facility is required before a patient with dangerous tendencies can be discharged by the superintendent. LSA-R.S. 28:56E allows *1351 a discharge only "upon the written consent of the division after an examination and after sufficient guarantee of proper supervision of the patient by a reputable person."
Code of Criminal Procedure article 649 provides the procedure to be followed when the defendant regains the capacity to proceed. If the superintendent reports to the committing court that the defendant has the capacity to proceed, the defendant "shall be discharged from the mental institution and released to the custody of the sheriff of the parish from which the defendant was committed, and the court shall hold a contradictory hearing within thirty days on that issue." LSA-C.Cr.P. art. 649A. The criminal proceedings suspended by Code of Criminal Procedure article 648A are resumed if the committing court determines that the defendant has the mental capacity to proceed. LSA-C.Cr.P. art. 649E; State v. Lamark, 584 So.2d 686, 691-92 (La.App. 1st Cir.), cert. denied, 586 So.2d 566 (La.1991).
The issues before us are whether the committing court retained jurisdiction over the defendant and whether the committing court had a mandatory duty to hold a hearing after notification by the superintendent or the director that the defendant was to be discharged without regaining the capacity to proceed.
The committing court retains jurisdiction over the defendant. See LSA-R.S. 28:56A, B, C, G & I; R.S. 28:96G; R.S. 15:211; LSA-C.Cr.P. art. 648B(3) & 649. The jurisdiction, however, is shared with the trial court. Under Code of Civil Procedure articles 3821 and 3822, the trial court had the authority to grant Mr. Pourciau a hearing on his application for a writ of habeas corpus. See State ex rel. Caesar v. Gremillion, 247 La. 1108, 176 So.2d 394, 398 (1965). See also LSA-R.S. 28:56B (shared jurisdiction for annual hearing). The trial court correctly determined that at the time of the hearing Mr. Pourciau was being held pursuant to a valid court order.
LSA-R.S. 15:211A requires the medical staff to determine the defendant's present mental condition and whether the defendant can be discharged, conditionally, unconditionally, or placed on probation, without being a danger to himself or others. See also LSA-R.S. 28:96E. These findings must be reported to a review panel or to the committing court and should be included in the notification to the committing court and the district attorney of any proposed discharge. The recommendation of the treatment team operated as a proposed discharge. The notification of this proposed discharge did not include any information on whether Mr. Pourciau was still mentally ill and a danger to himself or others. We agree with the trial court's finding that the proper forum for the determination of dangerousness, and whether the defendant should be discharged, is the committing court. The district attorney, or any interested party opposed to the discharge, can provoke a hearing in the committing court and state reasons why the patient should be detained. LSA-R.S. 28:96F. The committing court, at any time, can order a hearing "to determine whether the involuntary status should be continued." LSA-R.S. 28:56B. The problem arises because of the lack of any one procedural article imposing a mandatory duty on the committing court to hold a contradictory hearing within a reasonable time when a discharge recommendation is not based on the defendant's regained capacity to proceed.
We find that the statutory scheme, outlined in Code of Criminal Procedure articles 648 and 649, in LSA-R.S. 28:56I and in LSA-R.S. 15:211, and the rights of due process afforded Mr. Pourciau and enunciated in Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972) and State ex rel. Lockhart v. Armistead, 351 So.2d 496 (La.1977), require the committing court, upon notification by the director of any proposed discharge, with or without conditions, or with probation placement, to hold a contradictory hearing on the recommendation *1352 for discharge, within a reasonable time, on its own motion or that of the district attorney. If the defendant regains the capacity to proceed, article 649 of the Code of Criminal Procedure is controlling.
For these reasons, we affirm the dismissal of the action by the Twentieth Judicial District Court. The costs of this appeal are assessed against appellant.
AFFIRMED.