I2REDMANN, Judge pro tern.
The question on this appeal[2] is whether petitioner, judicially committed to a state mental institution as a danger to himself and others, is entitled to discharge because the first of the required “annual” hearings to review his case had not been held as of 13 months and a day after his May 13, 1992 commitment.
The answer is he is not. Unjustified delay in his annual hearing may violate La. R.S. 28:56 B but does not make his confinement unlawful or annul the judgment authorizing the mental institution to hold him; and it therefore does not require his discharge irrespective of any danger his mental condition may pose to society. It entitles him only to have his annual hearing held as promptly as reasonably possible.
*611 That is what the trial court ordered, although by the committing court rather than by itself.[3]
We therefore affirm.
Petitioner misreads the trial court’s decree that the “writ be granted, and Felicia-na Forensic Facility return Irby Turner to the [committing court] for a due process hearing in open court, adversarially, to determine if he continues to suffer from a mental illness which would require treatment in a confined setting.”
Petitioner asserts a belief that the judgment’s expression that the “writ be granted” means that he has been ordered released. The fact is that the writ of habeas corpus is granted when petitioner’s petition for writ is presented to the judge and the attached writ form (usually, as here, prepared by petitioner) is signed by the district judge. The writ does not decree freedom, but only commands one detaining another to produce in court the | ¡¡body of the one detained, so that the court may decide whether the detention is legal, and order it ended if not. The court here did not order detention ended, but only a hearing to decide whether further confinement was dictated by petitioner’s mental condition.
Petitioner additionally asserts that, by ordering a “due process hearing ... to determine if he continues to suffer from a mental illness which would require treatment in a confined setting,” the judgment orders a hearing to determine petitioner’s competency to stand a criminal trial, rather than R.S. 28:56 B’s annual hearing to review his commitment.
We reject that premise as not a reasonable interpretation of the clear language of the judgment. The judgment specifies that the hearing is to determine whether petitioner’s mental condition requires continued confinement, not whether petitioner is competent to stand a criminal trial. If petitioner had never been accused of a crime, but had been committed as a danger to others and himself, the identical hearing should result.[4]
AFFIRMED.
JiPER CURIAM:
trial court sent applicant to the committing court for “a due process hearing in open court, adversarially, to determine if he continues to suffer from a mental illness which would require treatment in a confined setting.” The committing court’s minute en-enof June 28, 1994 indicates it did conduct such a hearing [“court found the defendant incompetent and a danger to himself and others [and] ... ordered [him] remanded to ... Feliciana”], notwithstanding that the court’s written Order of Commitment speaks only of his competence. Thus applicant has received the court hearing on the question of whether his condition presents danger to himself or others and justifies his continued civil, involuntary commitment.
Additionally, over 23 months since the May 13, 1993 commitment and almost 11 months since the June 23, 1994 hearing have passed, and time nears for the custodian to present applicant’s case to the district court of his confinement for another annual hearing under R.S. 28:56 (as required by State ex rel. Lockhart v. Armistead, 351 So.2d 496 (La. 1977)).
Rehearing is denied.

. Petitioner's application for writs was denied by another panel of this court and remanded for entry of an order of appeal, citing In re Howard, 541 So.2d 195 (La.1989), on the ground that the trial court's judgment was a final, appealable one.

. Petitioner's hearing, because already over a month late, and to avoid even more delay, perhaps should have been held by the trial court itself, as La.R.S. 28:56 would allow (though it speaks first to the committing court), as noted by Pourciau v. East La. State Hospital, 593 So.2d 1348 (La.App. 1st Cir.1991). Presumably, however, the hearing has long since been held; and petitioner does not complain of the trial court’s not itself holding the hearing.

. We therefore do not further discuss petitioner's ill-premised argument that the hearing order un-uncontinues his detention in viola-violaof the principles of Jaclcson Jackson Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972) and State ex rel. Lockhart v. Armistead, 351 So.2d 496 (La.1977).