Dear Mr. Adams:
Your request for an Attorney General's Opinion has been forwarded to me for research and reply. In particular, you asked the following question:
 Are Lockhart commitments subject to the six-month limit on judicial commitments provided by Act 985 of 1997?
In Lockhart v. T.N. Armistead, 351 So.2d 496 (La. 1977), the Louisiana Supreme Court held that a person unable to stand trial for an unforeseeable amount of time due to a permanent mental defect cannot be held continually on sole account of that mental defect. The court used the reasoning in Jackson v.Indiana, 406 U.S. 715 (1972), to determine that the continued holding on the basis of the person's permanent mental incapacity is a violation of due process.
Louisiana Code of Criminal Procedure Article 648 governs those instances when a person is determined unable to stand trial. If the court determines that a defendant will not be competent to stand trial in the "foreseeable future," the court must civilly commit the defendant. La. C.Cr.P. art. 648(B)(3). ALockhart commitment occurs when a defendant will not "attain competence to stand trial." Lockhart, at 498. La. C.Cr.P. art.648(B)(3) specifically contemplates a defendant who will not recover in the "foreseeable future." As a result, Lockhart
commitments fall under La. C.Cr.P. 648(B)(3) because in both circumstances the person may never have the competence to stand trial. Thus, when a Lockhart commitment occurs, the civil commitment statutes apply to that person. Grayer v. T.N.Armistead, 402 So.2d 88 (La. 1980). As a result, a court will commit a Lockhart commitment under the civil commitment statutes, La. R.S. 28:54, 28:55, and 28:56.
Act 985 of 1997 amended La. R.S. 28:56 (A)(1)(a) to state, in pertinent part:
 . . . all judicial commitments except those for alcoholism shall be for a period not to exceed one hundred eighty days . . . unless a petition for judicial commitment has been filed prior to the expiration of the commitment period.
This language seemingly implies that Lockhart commitments are subject to this restriction, and that petitions of commitment must be filed every one hundred eighty days. However, the legislature, in drafting Act 985, chose to leave intact Paragraph (I) of 28:56, which states:
 All judicial commitments involving a patient who has been found not guilty by reason of insanity or who has been found to lack the capacity to proceed, shall be reviewed in the manner as set forth in R.S. 15:211. (emphasis added)
La. R.S. 15:211 provides an entirely different procedure of review and release for Lockhart commitments, an exception to the general mental health rules. Under R.S. 15:211, there is no automatic release of patients after one hundred eighty days. Rather, the medical staff has the duty to review the defendant's record on a regular basis, and make recommendations to the court as to whether the defendant may be discharged. There is a clear expression of the legislative intent to differentiate between civil commitments of non-criminal patients, and civil commitments of criminal defendants.
Therefore, it is the opinion of this office that Lockhart
commitments are not subject to the one hundred eighty day re-filing requirement added to La. R.S. 28:56 (A) by Act 985 of 1997. Instead, they are governed by the provisions of La. R.S.15:211.
I hope this opinion has adequately addressed your needs. If I can be of further assistance, please do not hesitate to contact me. With warmest regards, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ FREDERICK A. DUHY, JR. Assistant Attorney General