hGUIDRY, Chief Judge.
Plaintiff, the Cameron Parish School Board (the Board), appeals the judgment of the trial court sustaining an exception of prescription filed by defendant, Turner & Newall, PLC (T & N). T & N has answered the Board’s appeal preserving for appellate review certain unfavorable evidentiary rulings as to T & N made by the trial court.
In the instant suit, plaintiff seeks, among other items, the recovery of costs for the removal of asbestos material found in three of the Board’s school buildings. Plaintiff named a number of defendants in this suit, including T & N. Plaintiff alleged that T & N manufactured the asbestos found in the school 12buildings. The following dates pertinent to the issue of prescription of plaintiffs suit against T & N are established by the record.
1. On November 9, 1981, the Board passed a resolution seeking bids for the removal of asbestos at the Grand Lake High School.[1]
2. On March 18,1982, the Board accepted a bid for the removal of asbestos at Grand Lake High School.
3. On June 10,1982, the asbestos removal at Grand Lake High School was completed.
4. On January 17, 1983, a class action lawsuit was brought in the United States District Court for the Eastern District of Pennsylvania on behalf of every school board in the United States against the various manufacturers of asbestos seeking to recover costs and damages incurred by the plaintiff class in connection with asbestos abatement work in school buildings. T & N was named as a defendant in this lawsuit.
5. On July 27,1983, the Board accepted a bid for the removal of asbestos at Cameron Elementary and Hackberry High School.
6. On September 6, 1983, the asbestos removal at Cameron Elementary and Hack-berry High School was completed.
7. La.R.S. 9:6644 became effective on September 6, 1985.
8. On November 30, 1987, the Board “opted out” of the class action suit.
|¾9. On August 31, 1988, the Board, along with other school governing authorities throughout the State of Louisiana, filed suit against a number of manufacturers of asbestos in the United States District Court for the Eastern District of Louisiana.
10. On June 30, 1989, T & N was added as a defendant in this latter suit.
11. T & N was dismissed as a defendant in this suit on January 9,1991, without prejudice, based on a stipulation that T & N waived any prescription-based defense which had not already accrued.
12. On February 11,1993, the instant suit was filed.
PRESCRIPTION
On appeal, the Board argues that the trial court erred in sustaining T & N’s exception of prescription. The Board, relying primarily on La.R.S. 9:5644, contends that its suit was timely filed.
La.R.S. 9:5644 provides in pertinent part as follows:
B. Notwithstanding any other provision of law to the contrary, any time limitation or prescriptive period which may be applicable to any action to recover for asbestos abatement work shall not apply or expire until five years after the date on which the party seeking to recover has completed the abatement work or discovered the identity *979 of the manufacturer of the materials which require abatement, whichever is later.
C. Any person who has an action to recover for asbestos abatement work under the provisions of this Section but whose action is barred by the prescriptive period provided in R.S. 9:5644 shall have one year from the effective date of this Act within which to bring an action or be forever barred. (Footnote omitted)
In its brief, defendant concedes that in order to prevail on the issue of prescription it must establish that the Board’s action prescribed before the filing of the class action suit on January 17,1988. T & N argues that Lprescription began to run on the Board’s suit at the latest on November 9, 1981, i.e. the date the Board first sought bids to remove asbestos at one of the three school locations laden with asbestos. Since suit was not filed within one year of the November 9, 1981 date, T & N contends that the Board’s action is untimely. Citing Trizec Properties, Inc. v. United States Mineral Products Company, 974 F.2d 602 (5th Cir.1992), T & N further argues that the Board cannot rely on La.R.S. 9:5644 as its basis for asserting that its action is timely. Specifically, T & N asserts that, according to Trizec, Section B of that statute cannot be applied retroactively to a prescribed claim and thus has no applicability to the instant case. Moreover, T & N contends that the Board failed to timely take advantage of the revival provision found in Section C of La.R.S. 9:5644.
In addressing the applicability of La.R.S. 9:5644 B to the instant case, we recognize that a defendant’s right to assert the peremptory exception of prescription is a vested right. Hall v. Hall, 516 So.2d 119 (La.1987). Even though prescriptive statutes are procedural in nature and therefore are generally accorded retroactive effect, procedural laws cannot be applied if to do so would disturb vested rights. Lott v. Haley, 370 So.2d 521 (La.1979). Accordingly, our inquiry, with regard to Section B, necessarily focuses on whether the Board’s action had prescribed before September 6, 1985, the effective date of La.R.S. 9:5644.
As aforestated, T & N argues that prescription began to run on November 9, 1981, the date the Board decided to seek bids for the removal of asbestos at one of the schools. T & N urges that, since the class action suit was not filed until January 17, 1983, the Board’s action was not filed Lwithin the one year prescriptive period and hence had prescribed.
Before addressing the date upon which prescription began to run in this matter, we first consider the appropriate prescriptive period applicable to the instant case. Essentially, plaintiffs cause of action seeks reimbursement for the costs of having to remove an alleged dangerous product manufactured by defendant which was later placed in plaintiffs buildings. The removal of the asbestos stems from health concerns about the product. Thus, we have no difficulty in likening the Board’s action to a products liability action, which of course is governed by the one year prescriptive period for del-icts (La.C.C. art. 3492). We characterize T & N’s alleged responsibility as delictual in nature.
Having determined that the plaintiffs action is governed by the one year prescriptive period, we next turn to the question of when prescription began to run. After a careful review of the record, we can find no clear error in the trial court’s conclusion that prescription began to run no later than November 9, 1981, i.e., the date on which the Board sought bids for removal of asbestos at one of its schools. Clearly, the Board’s action on that date demonstrates its awareness of the asbestos problem in the school buildings and the need for its removal. Its cause of action had accrued by this date. Further, our review of the record convinces us that the trial judge was correct in his statement in his written reasons that the plaintiff failed to timely make any reasonable effort to ascertain the identity of the manufacturer. Hence, plaintiffs unwarranted inaction under the circumstances cannot form the basis for suspending the running of prescription under the contra non valentem doctrine.
| fiIn sum, we find no clear error in the trial court’s conclusion that the Board’s claim against T & N had prescribed when the *980 Pennsylvania class action suit was instituted on January 17, 1983.
In the alternative, appellant contends that the trial court erred in refusing to recognize that the Board’s action was timely filed, considering the provisions of La.R.S. 9:5644 C, which provides as follows:
Any person who has an action to recover for asbestos abatement work under the provisions of this Section but whose action is barred by the prescriptive period provided in R.S. 9:5644 shall have one year from the effective date of this Act within which to bring an action or be forever barred.
Although not alluded to in its written reasons for judgment, presumably the trial court rejected appellant’s contention in this regard because the instant suit was not filed until February 11, 1993, over seven years following the effective date of La.R.S. 9:5644. We reverse, concluding that subsection C of the cited statute served to revive the Board’s prescribed cause of action for asbestos abatement damage; the statute is prescriptive rather than peremptive; at the time the statute became effective, a class action suit seeking recovery of such damages was then pending and served to preserve the Board’s revived claim; and, although the Board opted out of such suit, a later suit was timely filed which served to interrupt prescription until the instant suit was filed on February 11, 1993.
At the outset, we observe that none of the parties to this litigation have questioned the constitutionality of La.R.S. 9:5644 C. Therefore, we give effect to the statute as written.
On the effective date of La.R.S. 9:5644 C, the class action suit which had been filed on January 17, 1983 was viable and the parties to this litigation |7were parties to that litigation. In that suit, the Board sought recovery of asbestos abatement damages. Although the Board opted out of that suit on November 30, 1987, the Board, along with other plaintiffs, instituted a suit seeking recovery of the same damages sought in the class action suit in the Federal District Court for the Eastern District of Louisiana on August 31, 1988. T & N, alleged to be a solidary obligor with previously named defendants, was added as a defendant in the latter suit on June 30, 1989. Although T & N was dismissed as a party defendant in the latter suit on January 9, 1991, without prejudice, such dismissal was based on a stipulation that T & N waived any prescriptive based defense which had not already accrued.
Considering the above, in our view, if the one year period set forth in La.R.S. 9:5644 C is prescriptive rather than peremptive, such period was interrupted and had not accrued when T & N, on January 9,1991, waived any prescriptive based defense which had not yet accrued.
Appellees contend that in order for the Board to have preserved its “revived rights”, it was necessary for the Board to have instituted a new suit within a year following September 6, 1985. In that regard, T & N suggests that the claim asserted in the class action suit had prescribed and a new suit was required to reassert such revived right. We disagree, finding no merit to such contention. In our view, although when the class action was filed, the Board may have been asserting a prescribed claim, the fact remains that its claim had not been dismissed as prescribed when La.R.S. 9:5644 C became effective and, at that time, it became a viable claim in that suit. The Board continued to assert such claim continuously thereafter except for the nine-month period between November 30, 1987 and August 31, 1988.
IgThe parties have not briefed the issue concerning whether the one year period set forth in La.R.S. 9:5644 C is peremptive or prescriptive. Since peremption admits of neither interruption nor suspension and since the Board opted out of the class action suit on November 31,1987 and did not reinstitute suit until August 31, 1988, this is an important issue which requires resolution. Our jurisprudence on peremption was codified as La.C.C. arts. 3458 et seq. by Act 187 of 1982. The codal provisions for the most part are all based on Louisiana jurisprudence. As the revision comment under Art. 3458 states:
(e) It is not always easy to determine whether a period of time fixed by law is peremptive or prescriptive. The determination must be made in each case in the light of the purpose of the rule in question *981 and in light of whether the intent behind the rule is to bar action or to limit the duration of a right. For a discussion of this subject, see Comment, Legal Rights and the Passage of Time, 41 La.L.Rev. 220, 252 (1980).
The obvious purpose of La.R.S. 9:5644 C was to revive any previously prescribed cause of action for asbestos abatement damages and to allow an additional like period (1 year) during which such revived cause of action could be exercised. Under the circumstances, we conclude that the one year period set forth in the statute is prescriptive and was susceptible of interruption and suspension.
For these reasons, we conclude that the Board’s claim against T & N for damages pursuant to La.R.S. 9:5644 has not prescribed and the trial court erred in holding otherwise. Accordingly, the judgment of the trial court is reversed and set aside and this matter is remanded to the trial court for further proceedings consistent with the views expressed. All costs of this appeal are assessed to Turner & Newall, PLC.
REVERSED AND REMANDED.

. In support of its exception of prescription, T & N sought to admit into evidence a copy of the minutes of the November 9, 1981 meeting of the Board which had been published in the November 26, 1981 edition of the Cameron Parish Pilot newspaper. According to the minutes of the November 9, 1981 meeting, the Board voted to seek bids for asbestos abatement in one of its schools. The trial court ruled this evidence inadmissible on the basis that it was irrelevant. We disagree. Clearly, this evidence is relevant and material to the inquiry of when prescription began to run with respect to the Board's action. Furthermore, plaintiff does not dispute the accuracy of this account reproducing the minutes of this particular meeting.