JiGASKINS, Judge.
The defendant, Mclnnis Brothers Construction Company, seeks review of a trial court decision finding that the doctrine of contra non valentem agere nulla currit praes-criptio (contra non valentem) operates to suspend the running of the five-year prescriptive period in La.R.S. 38:2189 of the Public Works Act. For the following reasons, we *929 affirm the trial court judgment denying the defendant’s exception of prescription, based upon a finding that the doctrine of contra non valentem applies to La.R.S. 38:2189.
FACTS
On June 3, 1982, the State of Louisiana entered into a $6,438,855.00 contract with Mclnnis Brothers Construction Company (Mclnnis) for the building of the Northwestern State University Nursing Education Center in Shreveport. Notice of acceptance of the completed building was filed into the mortgage records of Caddo Parish on May 9, 1985.
In March 1991, maintenance personnel at the building noticed that bricks on the exteri- or walls had begun to move or shift away from the building and that the mortar was falling off the building. Mclnnis was notified in July 1991 and asked to participate in the determination of the cause of the brick movement and to assume responsibility for the correction of the defects. The State filed suit on July 18, 1994, alleging that Mclnnis improperly constructed the exterior of the building, including brick walls and window installation, including but not limited to improper installation of brick ties, brick shelf angles, through-wall lashing and window flashing. The State also alleges that Mcln-nis failed to properly waterproof the building, allowing water to enter the building structure, which will cause rusting and deterioration of the steel structure, mortar deterioration and damage to interior finishes. Numerous subcontractors were also added as parties to the suit.
[2On February 6, 1996, Mclnnis filed an exception of prescription, asserting that the construction contract at issue here is governed by the Public Works Act, and under La.R.S. 38:2189, the State had five years from the date of filing of the notice of acceptance to bring suit.[1] According to Mclnnis, the prescriptive period expired on May 9, 1990, five years after the filing of notice of acceptance. Therefore, Mclnnis argues that the filing of suit in 1994, approximately nine years after the filing of the notice of acceptance, was barred by prescription.
The State argues that the alleged defects in the construction of the building were not discovered until 1991. Under the “discovery rule” of the doctrine of contra non valentem, prescription does not run where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. The State argues that contra non va-lentem operates to bar the running of prescription in this case and that the State had five years from the date of discovery of the defect to file suit.
On April 1, 1996, the trial court filed judgment denying the exception of prescription, finding that La.R.S. 38:2189 is a prescriptive rather than a peremptive statute and therefore is subject to the jurisprudential doctrine of contra non valentem. Because the defects in the construction were not discovered until 1991, the suit filed in 1994 was deemed timely-
Mclnnis applied for a supervisory writ of review to this court, arguing that the trial court incorrectly found contra non valentem applicable to La.R.S. 38:2189. On 13June 20, 1996,. this court found that, on the showing made, exercise of this court’s supervisory jurisdiction was not warranted. Mclnnis then filed a writ application to the Louisiana Supreme Court. On October 25, 1996, that court granted the application and remanded the matter to this court for briefing, argument and opinion.
CONTRA NON VALENTEM
The issue in this case is whether the doctrine of contra non valentem applies to suspend the running of prescription under La. *930 R.S. 38:2189. Mclnnis argues that this case is governed exclusively by the provisions of the Public Works Act contained in La.R.S. 38:2181 et seq. and that the legislature, in enacting La.R.S. 38:2189, intended to specifically limit to five years the prescriptive period for suits between the State and general contractors, rather than allowing the application of the ten-year prescriptive period afforded private works. Mclnnis contends that this legislative scheme was designed to regulate the unique and complex circumstances which exist in the construction of public works by providing a definite and precise period of time during which the State would be required to file and prosecute any claim against the contractor. Therefore, Mclnnis argues that the doctrine of contra non valentem can never apply to this statute.
The exact issue before us in this case was considered by the Louisiana Supreme Court in the vacated opinion of St. Charles Parish School Board v. GAP Corp., 512 So.2d 1165 (La.1987). In that case, the plaintiff entered into a contract for the construction of a school in September 1973. Notice of acceptance of the construction was filed into the mortgage records of the parish in August 1975. The roof of the school developed a leak and in November 1984, the plaintiff filed suit against the general contractor, architect, subcontractors and manufacturers of materials. The contractor asserted that the claim had prescribed under La.R.S. 38:2189. The school board argued that contra non valen-tem suspended the running of prescription. On [original hearing, the Louisiana Supreme Court found that the statute was prescriptive and that contra non valentem applies to suspend the running of prescription. Three justices dissented from that opinion. A rehearing was granted and while the rehearing was pending, the parties settled the matter. The court found that there was no longer a justi-ciable controversy in that case and vacated the original opinion. Therefore, St. Charles Parish School Board v. GAF Corp., supra, cannot be used as authority for decision of the issue presently before this court.
Peremptive or Prescriptive
Whether the doctrine of contra non valentem applies to La.R.S. 38:2189 turns upon a determination of whether the statute is one of peremption or prescription. If the statute is peremptive, it cannot be suspended. However, if it is prescriptive, the doctrine of contra non valentem may apply in some circumstances to suspend the running of prescription.
Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon expiration of the peremptive period. La.C.C. art. 3458. Peremption may not be renounced, interrupted or suspended. La.C.C. art. 3461.
Liberative prescription is a mode of barring of actions as a result of inaction for a period of time. La.C.C. art. 3447. Prescription may be renounced after accrual, may be interrupted or may be suspended. La.C.C. arts. 3449, 3462, 3469. Liberative prescription merely prevents the enforcement of a right by action; in contrast, peremption destroys the right itself. Pounds v. Schori, 377 So.2d 1195 (La.1979).
It is not always easy to determine whether a period of time fixed by law is peremptive or prescriptive. The determination must be made in each case in light of the purpose of the rule in question and in light of whether the intent behind the rule is to bar the action or to limit the duration of the right. Cameron Parish School Board v. Acands, Inc., 94-545 (La.App. 3d Cir. 11/2/94), 646 So.2d 976 writ denied 95-0427 (La. 3/30/95), 651 So.2d 846; La.C.C. art. 3458, Revision Comment (e). When the statute does not indicate in plain words that the period is one of peremption, the court must analyze the statute in its entirety and construe the statute with particular focus on whether the purpose sought to be achieved involves matters of public policy or other compelling reasons for absolutely extinguishing a right if not promptly exercised. Metropolitan Erection v. Landis Construction Company, Inc. 627 So.2d 144 (La.1993).
Mclnnis contends that the purpose of the statute is to provide a definite, precise period within which the State may bring suit against a contractor for public works, citing State ex rel Guste v. Simoni, Heck and *931 Associates, 297 So.2d 918 (La. 1st Cir.1974).[2] We do not find that the statement in the above cited ease indicates that the statute in question here is aimed at extinguishing the cause of action by the State against public works contractors after the passage of five years. Nor do we find any public policy or other compelling reason to absolutely extinguish within five years the State’s right to seek redress for poorly constructed buildings paid for with tax dollars.
The wording of the statute itself does not indicate that the period is one of peremption but rather states that it establishes a period of prescription: “Any action against the contractor ... shall prescribe 5 years from the substantial completion ... or acceptance of such work.... ” The statute merely sets forth the time during which the State may enforce an action against a contractor or his surety. There is no indication in the wording of the statute that its purpose was intended to limit the duration of the right. Further, the drafters of the statute could have limited the application of the doctrine of contra non valentem as was done in the prescriptive lestatutes for medical malpractice or workers’ compensation. See La.R.S. 9:5628(A)[3] and 23:1209(A)[4]. Such limiting language was not used in La.R.S. 38:2189.
The early history of La.R.S. 38:2189 indicates that it is a prescriptive statute. In Orleans Parish School Board v. Pittman, 261 La. 665, 260 So.2d 661 (1972), the school board contracted with the defendant on August 24, 1959 for the construction of a school building. Construction was accepted on September 21, 1960. In 1962, La.R.S. 38:2189 was enacted and provided a three year prescriptive period for an action by the state against a contractor or his surety on a public work.[5] In September 1968, the school board discovered structural defects in the building. In August 1969, almost nine years after the acceptance of construction, the school board filed suit. The defendant argued that the matter had prescribed under La.R.S. 38:2189.
In Orleans Parish School Board v. Pittman, supra, the Louisiana Supreme Court found that La.C.C. art. 2762 governs the liability of contractors for damages due to the badness of workmanship.[6] The court found that the article establishes a substantive right, not a prescriptive period. The contractor shall be responsible if a building fall into ruin within ten years, either in whole or in part, on account of badness |7of workmanship. The court went on to find that La.C.C. art. 2762 is an implied warranty for ten years and establishes a cause of action when the badness of the workmanship results in ruin of the building within ten years. The court found this right to be implicit in the 1959 contract and the subsequent enactment of La.R.S. 38:2189 could not impair those rights. The cause of action only comes into being when there is a discovery of ruin in the building within the time limit stated in the article. Then the court found that, because La.R.S. 38:2189 was not given retroae- *932 tive application, the time within which the cause of action must be brought was governed by the former La.C.C. art. 3545, which, at that time, provided that an action against undertakers and architects for work in brick and stone is prescribed in ten years.
We note that the applicable peremptive statute is set forth in La.R.S. 9:2772. That statute provides a ten-year peremptive period for actions involving deficiencies in surveying, design, supervision or construction of immovables or improvements thereon. La. R.S. 9:2772 provides in pertinent part:
A. No action, whether ex contractu, ex delicto, or otherwise, including, but not limited to, an action for failure to warn, to recover on a contract or to recover damages shall be brought against any person performing or furnishing land surveying services, as süch term is defined in the first paragraph of R.S. 87:682(9), including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property: (1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner.
Further, La.R.S. 9:2772(D) provides that such causes of action shall prescribe by the applicable prescriptive periods established by law for such actions. Notice of acceptance of the work occurred in this case in 1985 and the action was brought in 1994, within the applicable peremptive period.
IgBased upon these factors, we find that La.C.C. art. 2762 confers the substantive right to bring suit for a defective building. The applicable peremptive period is set forth in La.R.S. 9:2772; the prescriptive period under the facts of this ease is La.R.S. 38:2189.
Discovery Rule of Contra Non Valentem
Because we find that La.R.S. 38:2189 is prescriptive and not peremptive, the doctrine of contra non valentem may be applied to suspend the running of prescription. The courts created the doctrine of contra non valentem as an exception to the general rules of prescription. Wimberly v. Gatch, 93-2361 (La. 4/11/94), 635 So.2d 206. The doctrine is contrary to the express provisions of the Civil Code. The principles of equity and justice which form the mainstay of the doctrine, however, demand that under certain circumstances, prescription be suspended because the plaintiff was effectually prevented from enforcing his rights for reasons external to his own will. Wimberly v. Gatch, supra. The doctrine of contra non valentem applies in four general situations to prevent the running of liberative prescription: 1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action; 2) where there was some condition coupled with the contract or connected with the proceedings which prevented the plaintiff from suing or acting on his claim; 3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; 4) where the cause of action is not known or reasonably knowable by the plaintiff even though his ignorance is not induced by the defendant. Corsey v. State, Through Department of Corrections, 375 So.2d 1319 (La. 1979); Wimberly v. Gatch, supra; National Union Fire Insurance v. Ward, 612 So.2d 964 (La.App.2d Cir.1993). The burden of proving the suspension of prescription under the doctrine of contra non valentem is on the creditor or plaintiff. Johnson Controls, Inc. v. Lynch, 633 So.2d 212 (La.App. 1st Cir. 1993).
_JgThe fourth category under contra non valentem, commonly known as the discovery rule, provides that prescription commences on the date the injured party discovered or should have discovered the facts upon which his cause of action is based. Hence, prescription does not run against one who is ignorant of the facts upon which his cause of action is based, as long as such ignorance is not willful, negligent, or unreasonable. Wimberly v. Gatch, supra. For purposes of the discovery rule of contra non valentem, a plaintiff will be deemed to know that which he could have learned from reasonable diligence. If an opportunity is afforded to a party to know and learn about a *933 certain matter bearing on his interest and he fails or refuses to profit by it, if he closes his eyes to the notice spread before him and shuts his ears to the oral information directly imparted to him, the law will hold him bound by the same, and as fully notified as if he had taken thorough personal cognizance at the time of the information imparted and the notice given. Caro v. Bradford White Corporation, 96-120 (La.App. 5th Cir. 7/30/96), 678 So.2d 615.
In the present ease, the plaintiff contends that the alleged defects in the building were not discovered until March 1991. This fact is supported by the deposition of the state’s engineer, Gary Lewis. Therefore, the trial court was correct in finding that this action, filed within five years of the discovery of the defect, was timely and had not prescribed.
CONCLUSION
For the reasons stated above, we affirm the trial court judgment finding La.R.S. 38:2189 to be a prescriptive statute, finding that the doctrine of contra non valentem .suspended the running of prescription in this case, and accordingly, denying the hoexception of prescription on behalf of Mclnnis Brothers Construction Company. Costs in this court are assessed to the defendant, Mclnnis Brothers Construction Company.
AFFIRMED.

. La.R.S. 38:2189 provides:
Any action against the contractor on the contract or on the bond, or against the contractor or the surety or both on the bond furnished by the contractor, all in connection with the construction, alteration, or repair of any public works let by the state or any of its agencies, boards or subdivisions shall prescribe 5 years from the substantial completion, as defined in R.S. 38:2241.1, or acceptance of such work, whichever occurs first, or of notice of default of the contractor unless otherwise limited in this Chapter.

. This case simply held that La. 38:2189 does not apply to suits by the State against architects and engineers, as opposed to contractors in the case sub judice.

. La.R.S. 9:5628(A) provides that medical malpractice claims shall be brought within “one year from the date of the alleged act, omission, or neglect or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.”

. La.R.S. 23:1209(A) provides regarding workers' compensation claims provides that "when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all cases the claim for payment shall be forever barred unless the proceedings have begun within two years from the date of the accident.”

. The statute was amended by Acts 1975, No. 250, § 1 to provide that the prescriptive period is five years.

. 6. La.C.C. art. 2762 provides:
If a building, ■ which an architect or other workman has undertaken to make by the job, should fall to ruin either in whole or in part, on account of the badness of the workmanship, the architect or undertaker shall bear the loss if the building falls to ruin in the course of ten years, if it be a stone or brick building, and of five years if it be built in wood or with frames filled with bricks.