| WILLIAMS, Judge.
The plaintiff, William C. Richardson, appeals the dismissal of his medical malpractice claim against Douglas Say, M.D. and several unnamed defendants,[1] on a peremptory exception of prescription. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The plaintiffs sister, Earthalean Williams Sumlin, received medical treatment from the defendant, Dr. Douglas Say, at Louisiana State University Medical Center (“LSUMC”) in Shreveport, Louisiana from August 5,1994 until her death on August 9, 1994. Subsequently, the plaintiff, on behalf of himself and the decedent’s children, Karen Williams, Ronald Williams and Elvlean Williams, filed a medical malpractice claim alleging that the defendants failed to properly diagnose the decedent’s condition, treated the decedent without her written or informed consent and discharged her despite her being in severe pain. The plaintiff, who was incarcerated at the time of filing, mailed his petition from the Caddo Correctional Center to the Caddo Parish Clerk of Court. The petition was stamped as received on August 10,1995.
*773 On January 12, 1996, the defendants filed a peremptory exception of prescription, alleging that the plaintiffs petition was not timely filed. Dr. Douglas Say also filed a dilatory exception of prematurity and non-conformity alleging that the claim had not been brought before the medical review panel prior to being filed with the court as required by LSA-R.S. 40:1299.47(A)(1). He also alleged that the petition had been signed only by William Richardson and not by all interested parties as required by law.
Initially, the trial court denied the exception of prescription, sustained the exception of prematurity and re-fixed the hearing on the exception of nonjconformi-ty2. However, the defendants later re-urged their exception of prescription and, on March 30, 1998, the trial court sustained the exception and dismissed the case with prejudice. The plaintiff appeals.
DISCUSSION
The plaintiff contends that the trial court erred in granting the defendants’ peremptory exception of prescription. He argues that his claim would not have prescribed until August 10,1995.
The prescriptive period applicable to medical malpractice claims is governed by LSA-R.S. 9:5628. The portion of the statute applicable to this case provides that all actions, whether based in tort, contract or otherwise, against any physician, who is covered by the act, for damages caused by injury or death arising out of patient care, must be brought within one year of the alleged act, omission or neglect.
Here, the plaintiffs sister died on August 9, 1994, and the Caddo Parish Clerk’s office stamped the plaintiffs petition as received on August 10, 1995. Thus, in the absence of an interruption or suspension of prescription, the plaintiffs claim prescribed on August 9, 1995. However, the plaintiff relies on LSA-C.C. art. 3454 and LSA-C.C.P. art. 5059 to support his contention that the prescriptive period did not commence until August 10, 1994, the day after his sister’s death.
The plaintiff is incorrect in his assessment. LSA-C.C. art. 3454 provides in pertinent part that the date that marks the commencement of prescription is not counted. LSA-C.C.P. art. 5059 provides that, in computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. LSA-C.C. art. 3454 and LSA-C.C.P. art. 5059 are general statements regarding the computation of prescriptive periods. However, LSA-R.S. 9:5628 specifically governs medical 1 ^malpractice actions and LSA-C.C. art. 3456 specifically sets forth the method to be used to compute time by the year:
If a prescriptive period consists of one or more years, prescription accrues upon the expiration of the day of the last year that corresponds with the date of the commencement of prescription.
In the instance where a statute specifically covers a particular subject, it takes precedence over a statute that governs general law. Delahoussaye v. Thibodeaux, 498 So.2d 1137 (La.App. 3rd Cir. 1986); Elloie v. Anthony, 95-0238 (La. App. 4th Cir. 8/23/95), 660 So.2d 897. Applying this principle to the present case, it is clear that LSA-R.S. 9:5628 and LSA-C.C. art. 3456 prevail over LSA-C.C. art. 3454 and LSA-C.C.P. art. 5059. Consequently, on the face of the plaintiffs petition, his claim prescribed on August 9, 1995.[2]
The plaintiff maintains that he placed his petition in the institutional mail on August 8, 1995. Relying on the “mailbox rule,” the plaintiff contends that, pursuant to Houston v. Lack, 487 U.S. 266, *774 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) and Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), his petition was deemed “filed” on August 8,1995, i.e., the moment it was delivered to prison officials for forwarding to the court.
Generally, Louisiana jurisprudence has rejected the notion that a document is “filed” at the moment it is placed in the mail. Tatum v. Lynn, 93-1559 (La.App. 1st Cir. 5/20/94), 637 So.2d 796; Thomas v. Department of Corrections, 430 So.2d 1153 (La.App. 1st Cir.), units denied, 435 So.2d 432, 438 So.2d 566 (La.1983). However, in cases involving pro se inmates seeking judicial review of adverse administrative procedures, Louisiana has adopted the “mailbox rule,” finding that a document is considered “filed” when it is delivered to prison officials. Tatum v. \Lynn, supra; Shelton v. Louisiana Dept. of Corrections, 96-0348 (La.App. 1st Cir. 2/14/97), 691 So.2d 159.
The present case is distinguishable from the cases relied on by the plaintiff. The plaintiffs complaint does not involve a request for judicial review of an adverse administrative procedure, but involves a personal injury claim unrelated to his incarceration. Therefore, the plaintiffs medical malpractice claim does not fit into the category of claims governed by the “mailbox rule.”
The plaintiff also alleges that the Caddo Correctional Center’s mail room personnel withheld incoming mail that was pertinent to his claim, and consequently, hindered his progress in filing his claim. Plaintiff contends that by virtue of the doctrine of contra non valentem, this alleged act interrupted the prescriptive period from August 2,1995 through August 10, 1995.
The doctrine of contra non valen-tem applies in four general situations to prevent the running of liberative prescription: 1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action; 2) where there was some condition coupled with the contract or connected with the proceedings which prevented the plaintiff from suing or acting on his claim; 3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and 4) where the cause of action is not known or reasonably knowable by the plaintiff even though his ignorance is not induced by the defendant. State Through Div. of Admin. v. McInnis Bros. Const., 28,905 (La.App.2d Cir.2/16/97), 690 So.2d 927. The plaintiff contends that the actions of the mail room personnel meet the criteria set forth in categories one, two and three of the doctrine.
The burden of proving the suspension of prescription under the doctrine of contra non valentem is on the plaintiff. State Through Div. of Admin. v. McInnis j Bros. Const., supra. In the instant case, there is no evidence in the record to support the plaintiffs contention that the prescriptive period was suspended.
Therefore, based on this record, we conclude that the trial court did not err in sustaining the defendants’ peremptory exception of prescription.
CONCLUSION
For the foregoing reasons, we affirm the trial court’s judgment in favor of the defendants, Douglas Say, M.D., et al, dismissing the plaintiffs claim with prejudice.
AFFIRMED.

. The plaintiff listed the following as defendants: "Douglas Say, M.D., John Doe I, M.D., John Doe II, M.D., John Doe III, M.D., radiol-ogisl, John Doe IV, M.D., anestegeologist (sic), LSUMC Administrator”

. The issue of whether the plaintiff is the proper party to bring this medical malprac-lice action is not properly before this court.