GUIDRY, J.
| gPlaintiff, Jerome Knockum, an inmate housed at the Elayn Hunt Correctional Center, appeals the dismissal of his personal injury suit as prescribed.
According to the plaintiffs petition, on August 13, 2010, two deputies with the Assumption Parish Sheriffs Office, Donald Calamia and Patrick Sons, “committed assault battery, police brutality, used excessive force not necessary to make an arrest of a non resisting unarmed nonviolent criminal suspect” in the course of responding to a burglar alarm that had been activated at a local business. As a result of the deputies’ actions, the plaintiff alleged that he sustained serious injuries.
While incarcerated, the plaintiff filed a petition for damages asserting claims against the two deputies for injuries he allegedly sustained during his arrest. The plaintiff also named Sheriff Michael J. Waguespack as a defendant in the petition, alleging that he was liable for failing to train the deputies to “properly and safely” perform an arrest without inflicting injuries and for failing “to promulgate appropriate arresting policy, regulations and procedures, on arrest without excessive force, unnecessary violence of police brutality, assault and battery.”
Plaintiff delivered his'petition to prison officials for mailing to the district court on August 11, 2011, and the petition was received and filed by the Twenty-Third Judicial District Clerk of Court on August 18, 2011. In response to the plaintiffs petition, the defendants filed a peremptory exception raising the objection of prescription, asserting that the plaintiffs claim was barred because the delictual action was filed more than one year after the alleged injuries occurred. See La. C.C. art. 3492. Following a hearing, the trial court sustained the peremptory exception and dismissed the plaintiffs petition with prejudice.
The plaintiff appeals, asserting that based on the “mailbox rule,” his petition was timely filed. However, the “mailbox rule,” pronounced by the U.S. Supreme Court in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), has *372 been held not to apply to non-administrative, civil suits filed by prisoners. See Richardson v. Say, 31,989, p. 4 (La.App.2d Cir.7/22/99), 740 So.2d 771, 774, writ denied, 99-2493 (La.11/19/99), 749 So.2d 677, cert. denied, 529 U.S. 1100, 120 S.Ct. 1836, 146 L.Ed.2d 779 (2000). Thus, we find no error in the trial court’s judgment sustaining the peremptory exception raising prescription; however, as the plaintiff was granted leave to pursue this appeal in forma pauperis, we will not assess costs in this matter.
AFFIRMED.