# NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0735

DERRICK JEROME ALLEN

VERSUS

SHIRLEY MAE MILES BROWN, ERIC GERARD BROWN,
TIA SYNETTE BROWN BONDS, JOY LARISSA BROWN WHITE

Judgment Rendered:  **MAY 1 8 2023**

\* \* \* \* \* \* \*

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. C706049

Honorable Timothy E. Kelley, Judge Presiding

\* \* \* \* \* \* \*

Derrick Jerome Allen                                      In Proper Person
St. Gabriel, Louisiana


Morgan Field                                                  Attorney for Defendants/Appellees,
Baton Rouge, Louisiana                              Shirley Mae Miles Brown, Eric
                                                                          Gerard Brown, Tia Synette Brown
                                                                          Bonds, Joy Larissa Brown White


\* \* \* \* \* \* \*


BEFORE: WELCH, PENZATO, AND LANIER, JJ.

**PENZATO, J.**

Plaintiff, Derrick Jerome Allen, an inmate housed at the Elayn Hunt Correctional Center, appeals the dismissal of his petition for damages as prescribed. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On March 24, 2021, Mr. Allen filed the instant "Petition for Damages/ Wrongful Death and Survival Actions," naming Shirley Mae Miles Brown, Eric Gerard Brown, Tia Synette Brown Bonds, and Joy Larissa Brown White as defendants. In his petition, Mr. Allen asserted that his father, Hezekiah Brown, Jr., suffered a fatal heart attack and died on March 22, 2020. Mr. Allen alleged that the defendants caused or contributed to Mr. Brown's death.

In response, the defendants filed a peremptory exception raising the objection of prescription, noting therein that Mr. Brown died on March 22, 2020, but Mr. Allen did not file his petition until March 24, 2021.[1] At a hearing on November 23, 2021, the trial court granted the exception raising the objection of prescription and dismissed Mr. Allen's lawsuit. The trial court signed a judgment in accordance with its ruling on December 29, 2021. Mr. Allen appealed.[2]

---

[1] The defendants also filed exceptions raising the objections of no right of action and lis pendens. Because the trial court granted the exception raising the objection of prescription, it did not address the exceptions raising the objections of no right of action and lis pendens at the November 23, 2021 hearing. Silence in a judgment of the trial court as to any issue, claim or demand placed before the court is deemed a rejection of the claim and the relief sought is presumed to be denied. *Schoolhouse, Inc. v. Fanguy*, 2010-2238 (La. App. 1 Cir. 6/10/11), 69 So. 3d 658, 664.

[2] On November 29, 2021, Mr. Allen filed a motion requesting a rehearing and/or reconsideration of the judgment dismissing his lawsuit as prescribed, which was denied on December 1, 2021. Mr. Allen then filed a petition for appeal on December 6, 2021, prior to the December 29, 2021 signing of the judgment on the defendants' exception. To the extent that a motion for appeal is premature, any defect arising from a premature motion for appeal is cured once a final judgment has been signed. See *Overmier v. Traylor*, 475 So. 2d 1094, 1094-95 (La. 1985) (per curiam); *Green v. Patient Compensation Fund Oversight Board*, 2021-1310 (La. App. 1 Cir. 7/5/22), 344 So. 3d 161, 165 n.5; see also La. C.C.P. arts. 1911, 1915, and 1918.

## MOTION TO DISMISS APPEAL

As a preliminary matter, we address the motion to dismiss appeal filed by Shirley Mae Miles Brown on November 1, 2022. On December 22, 2022, Ms. Brown's motion was referred to this panel, as the panel to which the appeal was assigned.

After the record was lodged, this court issued a briefing schedule requiring Mr. Allen to file his brief on or before August 7, 2022. Because no brief was filed by that deadline, this court issued a Notice of Abandonment ("NOA") noting that the appeal would be dismissed if Mr. Allen did not file his brief by September 14, 2022.

Prior to the expiration of the NOA deadline, this court, on motion of Mr. Allen, granted Mr. Allen an extension of his briefing deadline, requiring that he file his brief "**on or before October 13, 2022, or his appeal shall be dismissed as abandoned**." On October 26, 2022, Mr. Allen requested another extension. On November 1, 2022, this court granted the extension and ordered Mr. Allen to file his brief on or before November 14, 2022. Mr. Allen subsequently filed his brief on November 10, 2022.

At the relevant time, Rule 2–8.6 of the Uniform Rules, Courts of Appeal, did not provide for an extension for an appellant to file a brief beyond the abandonment period.[3] However, in *Succession of Bellande*, 2015-1427 (La. App. 1 Cir. 4/15/16), 2016 WL 1546132, *1 (unpublished), under similar circumstances, this court did not dismiss an appeal where we had granted an extension of the briefing schedule past the NOA deadline, reasoning as follows:

[W]hile technically Rule 2–8.6 of the Uniform Rules, Courts of

---

[3] Prior to January 1, 2023, Rule 2–8.6 provided, in pertinent part, that "[i]f an appellant does not file a brief within 30 days after such notice [of abandonment] is transmitted, the appeal shall be dismissed as abandoned." Rule 2–8.6 was amended May 2, 2022, with an effective date of January 1, 2023, and now provides that "[i]f an appellant does not file a brief within 30 days after such notice [of abandonment] is transmitted, the appeal shall be subject to dismissal as abandoned."

Appeal, does not provide for an extension to file appellants' brief beyond the abandonment period, it was granted by this court. Pursuant to La. C.C.P. art. 2164, the appellate court can render any judgment which is just, legal, and proper upon the record upon appeal. Under the unique facts of this case, we decline to dismiss the appeal.

Considering the foregoing circumstances, and in light of *Succession of Bellande*, we deny Ms. Brown's motion to dismiss the appeal.

## ASSIGNMENTS OF ERROR

Mr. Allen submits four assignments of error:

1. Appellant will be denied a right to a proper judicial review on appeal being the appellate record is incomplete.

2. The trial court erred when it denied [appellant's] motion requesting a rehearing/reconsideration.

3. The trial court erred when it disobeyed the La. Supreme Court's memorandum suspending deadlines because of covid virus.

4. Trial court erred when it went against clearly established law by U.S. Supreme Court [and] this court.

## LAW AND DISCUSSION

### Assignment of Error No. 1

In his first assignment of error, Mr. Allen contends the appellate record is incomplete. On September 19, 2022, the appellate record herein was supplemented with Mr. Allen's motion requesting a rehearing and/or reconsideration of judgment, which was filed in the trial court on November 29, 2021, along with an attachment to that motion entitled "Pre-Trial Inserts of Defendant, Doug Welborn, Clerk of Court for East Baton Rouge Parish," filed in the matter of "Derrick Jerome Allen vs. Doug Welborn, Clerk of Court East Baton Rouge Parish," case number 577,205.

As the appellate record is complete, this assignment of error has no merit.

### Assignment of Error No. 4

Finding the appellate record to be complete, we next address Mr. Allen's fourth assignment of error, wherein he argues that his petition for damages was

4

timely filed by mail.

Mr. Allen's wrongful death and survival actions are delictual actions subject to a prescriptive period of one year. See La. C.C. art. 3492. Additionally, wrongful death and survival actions prescribe one year from the death of the deceased who dies due to the fault of another. La. C.C. art. 2315.2 (B) and 2315.1 (A).

Ordinarily, the party urging prescription bears the burden of proof at trial of the exception; however, if the petition is prescribed on its face, the burden shifts to the plaintiff to show the action is not prescribed. *Quinn v. Louisiana Citizens Property Ins. Corp.*, 2012-0152 (La. 11/2/12), 118 So. 3d 1011, 1017. When, as in this case, no evidence is introduced at the hearing to support or controvert the exception raising the objection of prescription, the exception must be decided upon facts alleged in the petition with all allegations accepted as true. See La. C.C.P. art. 931; *Harris v. Breaud*, 2017-0421 (La. App. 1 Cir. 2/27/18), 243 So. 3d 572, 578. If no evidence is introduced to support or controvert the exception, the manifest error standard of review does not apply, and the appellate court's role is to determine whether the trial court's ruling was legally correct. *Harris*, 243 So. 3d at 578-79.

In his petition, Mr. Allen alleged that on March 22, 2020, his father, Mr. Brown, drove by himself to a church in Baton Rouge, Louisiana, to do chores at the church, suffered a fatal heart attack, and died. The record reflects that Mr. Allen's petition was filed on March 24, 2021. Because Mr. Allen's petition is prescribed on its face, the burden shifted to him to show that his wrongful death and survival actions were not prescribed.

At the hearing on the defendants' exception, Mr. Allen argued that he mailed his petition on March 19, 2021. On appeal, Mr. Allen argues that we should follow what he contends was our previous ruling in *Allen v. Hatch*, 2005 CA 0673 (La.

5

App. 1 Cir. 6/21/06) (unpublished).[4]

Mr. Allen failed to introduce any evidence as to the date he mailed his petition. Moreover, this court has held that the "mailbox rule" pronounced in *Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 2382, 101 L. Ed. 2d 245 (1988), does not apply to non-administrative, civil suits filed by prisoners. *Knockum v. Waguespack*, 2012-0277 (La. App. 1 Cir. 11/2/12), 111 So. 3d 370, 371-72.

Thus, the trial court was legally correct in concluding that Mr. Allen's claims were prescribed. This assignment of error has no merit.

**Assignment of Error No. 3**

In this assignment of error, Mr. Allen argues that the Louisiana Supreme Court suspended all deadlines because of the Covid-19 pandemic.

On March 16, 2020, in response to the Covid-19 pandemic, the governor issued an emergency order suspending all legal deadlines. On June 9, 2020, the legislature passed La. R.S. 9:5828 through 5830 to approve and ratify the governor's suspension of prescriptive periods, and to provide for its applicability. Louisiana Revised Statutes 9:5829 (A) provides that:

> All prescriptions, including liberative, acquisitive, and the prescription of nonuse, abandonment periods, and all peremptive periods shall be subject to a limited suspension or extension during the time period of March 17, 2020, through July 5, 2020; however, **the suspension or extension of these periods shall be limited and shall apply only if these periods would have otherwise expired during the time period of March 17, 2020, through July 5, 2020.** The right to file a pleading or motion to enforce any right, claim, or action which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020. (Emphasis added.)

---

[4] In *Allen v. Hatch*, this court vacated a trial court judgment dismissing Mr. Robinson's defamation claims against the defendant and remanded the case because it was unclear whether a motion to recuse filed by Mr. Robinson was denied prior to the rendition of the judgment. Because we vacated the underlying judgment, we did not address Mr. Robinson's assignment of error regarding what he contended was a timely filed amended petition. In dicta contained in a footnote, we indicated that while we made no determination as to whether Mr. Robinson stated a cause of action in his amended petition, we noted that we were bound by the pronouncements of the United States Supreme Court in *Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 2382, 101 L. Ed. 2d 245 (1988), wherein the Court concluded that a prisoner's pleadings are deemed filed upon delivery of the document to prison authorities for forwarding to the district court.

6

Mr. Allen's wrongful death and survival actions prescribed one year from the death of his father, or March 22, 2021. Thus, the emergency orders in response to the Covid-19 pandemic are not applicable to Mr. Allen's claims.

This assignment of error has no merit.

**Assignment of Error No. 2**

In this assignment of error, Mr. Allen contends that the trial court erred in denying his motion for rehearing and/or reconsideration without addressing any of his claims and without reviewing the document attached to his motion, *i.e.*, the "Pre-Trial Inserts of Defendant, Doug Welborn, Clerk of Court for East Baton Rouge Parish."

The Louisiana Code of Civil Procedure does not provide for a motion to reconsider with respect to any judgment, and such a motion is generally treated as a motion for new trial. *Harris v. Louisiana Department of Public Safety & Corrections*, 2019-1657 (La. App. 1 Cir. 8/3/20), 310 So. 3d 211, 214. A trial court has much discretion in determining whether to grant a motion for new trial; however, the denial of a motion for new trial should not be reversed on appeal unless there has been an abuse of discretion. *Harrington v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College*, 2021-1527 (La. App. 1 Cir. 9/29/22), 2022 WL 4587873, *4, writ denied, 2022-01621 (La. 1/11/23), 352 So. 3d 985.

In his motion for rehearing and/or reconsideration, Mr. Allen argued that the Clerk of Court for East Baton Rouge Parish "has a very long history of holding [his] pleading[s] and law-suits, and filing said suits/pleadings late after the [deadline], or not filing such at all." He contended that the "Pre-Trial Inserts of Defendant, Doug Welborn, Clerk of Court for East Baton Rouge Parish" documented such action.

Mr. Allen has failed to provide any evidence that the Clerk of Court for East

7

Baton Rouge Parish received his petition on or before March 22, 2021, and failed to file it until March 24, 2021. Thus, we find no abuse of the trial court's vast discretion in denying his motion for rehearing and/or reconsideration without a contradictory hearing. See *Samuel v. Harris*, 2021-1577 (La. App. 1 Cir. 6/3/22), 342 So. 3d 1009, 1012. This assignment of error has no merit.

## CONCLUSION

For the foregoing reasons, we deny the motion to dismiss appeal filed by Shirley Mae Miles Brown and maintain the appeal. We affirm the December 29, 2021 judgment of the trial court sustaining the peremptory exception raising the objection of prescription and dismissing with prejudice Derrick Jerome Allen's petition. All costs of this appeal are assessed against Derrick Jerome Allen.

**MOTION TO DISMISS APPEAL DENIED; JUDGMENT AFFIRMED.**