541 So.2d 195 (1989)
In re Medical Review Panel of Lucinda A. HOWARD.
No. 88-CC-2589.
Supreme Court of Louisiana.
April 7, 1989.
PER CURIAM.
On December 9, 1988, 534 So.2d 440, this court took the following action on relator's original application for supervisory writs:
"Not considered. Untimely filed. Judgment is final."
Relator then filed an application requesting this court to reconsider the earlier refusal to consider the original application.
On Application for Reconsideration
The following dates and events are pertinent:
June 14, 1988Trial court signed judgment maintaining exception of prescription and dismissing relator's medical malpractice action with prejudice.
June 24, 1988Relator filed notice of intent to apply for supervisory writs. Trial court signed order fixing the time within which to file the application. Trial court later signed order granting relator an additional thirty days from July 22, 1988 to file the application.
August 4, 1988Relator filed application for supervisory writs in the court of appeal.
August 22, 1988Court of appeal denied the application with the following order:
"Writ denied. We see no error in the ruling of the trial judge."
September 1, 1988Relator filed in the trial court a notice of intent to apply to the Supreme Court for supervisory writs. Trial court signed order on September 7 granting relator forty-five days from the date of signing to file the application.
October 21, 1988Relator filed application in this court.
As noted earlier, this court refused to consider the application, ruling that it was not timely filed.
Relator's application for reconsideration included a copy of the trial court's order of September 7, 1988. That document had not been included in the original application.
When a timely application to the court of appeal for supervisory writs has been denied, a party has ten days to seek review in this court of the intermediate court's denial, but the party may obtain, either from this court or the trial court, additional time within which to file the application in this court. La.Sup.Ct.R. X, § 5.
Here, relator's timely application to the court of appeal was denied on August 22, 1988. Within ten days relator filed a motion in the trial court and was granted forty-five days from September 7, 1988 (or until October 21, 1988) to file an application in this court. The application, filed on October 21, 1988, was therefore timely, and we recall our previous order declining to consider the merits of the application.
On the Merits
The judgment of June 14, 1988, which maintained the exception of prescription and dismissed relator's action, decided the merits of the case and was therefore a final (as opposed to interlocutory) judgment.
*197 La.C.C.P. art. 1841. A final judgment is an appealable judgment. La.C.C.P. art. 2083.
Relator made a mistake when he sought review of the judgment by supervisory writs rather than by appeal. Nevertheless, relator's filing of a motion and order in the trial court on June 24, 1988 was well within the delay for taking a devolutive appeal. La.C.C.P. art. 2087 and 2121. Although the filing was erroneously entitled a notice of intent to apply for supervisory writs, the trial court could simply have disregarded the erroneous title on the pleading and treated the pleading (which obviously sought review of the June 14, 1988 judgment) as a timely motion for devolutive appeal, and could have granted the appropriate order.
Every pleading shall be construed so as to do substantial justice. La.C.C.P. art. 865. In the interest of justice, and because relator was entitled to a devolutive appeal from the June 14, 1988 final judgment upon the timely filing of a pleading seeking review of that judgment, the matter should be remanded to the trial court to treat the June 24, 1988 pleading seeking review of the June 14, 1988 judgment as a timely motion for devolutive appeal.
Accordingly, this court's order of December 9, 1988, is recalled, the application is granted, and the matter is remanded to the trial court with instructions to grant relator a devolutive appeal from the June 14, 1988 judgment.