695 So.2d 953 (1997)
Steve DOUGLASS, Individually and on behalf of his Minor Child, Annie Marie Douglass; and the Minor Children, Adam Ruben Douglass and Andy Alton Douglass; and Kathy Douglass.
v.
ALTON OCHSNER MEDICAL FOUNDATION; John L. Ochsner, M.D.; Terry D. King, M.D.; and the American Association of Blood Banks, Inc.
No. 96-CC-2825.
Supreme Court of Louisiana.
June 13, 1997.
*954 Thomas Wilson Mull, Mull & Mull, Covington; John Norwood Perkins, Carl M. Duhon, Lafayette, for Applicant.
Edward Paige Sensenbrenner, Charles Fenner Gay, Jr., Robert Markle, Adams & Reese, New Orleans; C. William Bradley, Jr., Deborah I. Schroeder, Richard Engel Gruner, Jr., Lemle & Kelleher, New Orleans; Lawrence J. Hand, Jr., New Orleans, Phelps Dunbar; Charles L. Chassaignac, Carmelite Marie Bertaut, Chaffe McCall Philips, Toler & Sarpy, New Orleans; Duncan Barr, Lisa T. Ungerer, San Francisco, CA, Jesse D. McDonald, Hudson, Potts & Bernstein, Monroe, for Respondent.
TRAYLOR, Justice.[*]
The issue in this case is whether a partial summary judgment that disposes of one or more, but less than all, of the issues in a case is a final judgment which must therefore be immediately appealed in order to seek review of the judgment. Because the Louisiana Code of Civil Procedure clearly authorizes partial summary judgments and provides that such a judgment is a final judgment, we find that the proper vehicle for seeking review of a partial summary judgment is by appeal. Therefore, a supervisory writ normally will not lie to correct an improperly granted partial summary judgment.

Facts and Procedural History
On January 24, 1983, defendant John Ochsner performed surgery on Annie Marie Douglass at Ochsner Foundation Hospital to repair multiple heart defects. During the course of surgery and recovery, Douglass received several units of blood and blood products. Douglass had no complications and was discharged on January 29, 1983. She has had no related heart problems or symptoms since.
In March 1993, Douglass was diagnosed as positive for HIV. In December, 1995, plaintiffs Steve Douglass, individually and on behalf of Annie Marie Douglass, Kathy Douglass, and their minor children, Adam Douglass and Andy Douglass (hereinafter "Douglass"), filed suit in the 24th Judicial District Court against Dr. Ochsner and Alton Ochsner Medical Foundation (Ochsner), Dr. Terry King, and the American Association of Blood Banks (AABB) alleging various theories of liability, including that Ochsner was strictly liable for the distribution or production of a defective product (blood) and breach of an implied warranty of merchantability.
All defendants subsequently moved for summary judgment or partial summary judgment. Based upon La.R.S. 9:2797,[1] Ochsner moved for, and was granted partial summary judgment dismissing Douglass' claims of strict liability and breach of implied warranty of merchantability.[2] The trial court also granted summary judgment in favor of defendant AABB and partial summary judgment in favor of Dr. King. In response, Douglass sought supervisory writs against all three judgments from the Fifth Circuit Court of Appeal, who denied the application on October 25, 1996. Douglass also moved for and was granted leave to file devolutive appeals against the judgments in favor of defendants *955 AABB and Dr. King.[3] Douglass did not, however, seek leave to appeal the judgment granted in favor of Ochsner. Douglass eventually requested that the Fifth Circuit amend its denial and treat Douglass' writ application as a motion and order for appeal. The Fifth Circuit denied this motion, stating, "The [October] 25, 1996 order of this Court denying writs clearly spelled out plaintiffs' right to a regular appeal following final judgment."
We subsequently granted Douglass' application in order to review the partial summary judgment rendered in favor of Ochsner.

Partial Summary Judgments
In Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1241 n. 12 (La.1993), we stated:
We therefore reserve for another day the question of whether a partial summary judgment, that merely decides one of several claims, defenses, or issues without dismissing any party, is a final judgment which is authorized by Article 1915 and which therefore must be appealed immediately in order to prevent the judgment from acquiring the authority of a thing adjudged.
We now answer that question in the affirmative and hold that the proper vehicle for seeking review of the grant of a partial summary judgment is by way of appeal and that a supervisory writ normally will not lie to correct an improperly granted partial summary judgment.
The Louisiana Code of Civil Procedure provides that a summary judgment that determines the merits of a case in whole or in part is a final judgment. La.Code.Civ.P. art. 1915, entitled "Partial judgment," expressly authorizes the rendering of a final judgment on less than all of the issues in the case when the court grants a summary judgment. La. Code.Civ.P. art. 1915 provides in relevant part:
A. A final judgment may be rendered and signed by the court, even though it may not grant ... all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
* * * * * *
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969 ...
* * * * * *
B. If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in a case.
Notably, Article 1915 specifically refers to the appealability of such a partial judgment by stating that the trial court will retain jurisdiction over the remaining issues in the case if an appeal is taken from a partial judgment. La.Code.Civ.P. art. 1915(B). Article 966, referenced by Article 1915(A)(3), provides that either party may move for summary judgment "for all or part of the relief for which he has prayed." La.Code. Civ.P. art. 966(A)(1) (emphasis added). Article 968, also referenced by Article 1915(A)(3), clearly states that summary judgments are final judgments. Finally, Article 1841, provides that a judgment that decides the merits of the case in whole or in part is a final judgment. La.Code.Civ.P. art. 1841 (emphasis added); Tolis v. Board of Supervisors of La. State Univ., 660 So.2d 1206 (La.1995) (per curiam).
These articles clearly authorize the rendition of a summary judgment which disposes of one or more, but less than all, of the claims or issues presented in a case. These articles also clearly provide that such a judgment is final.
Final judgments are appealable judgments. La.Code.Civ.P. art. 2083(A); In Re Howard, 541 So.2d 195, 197 (La.1989) (per curiam). Thus, the grant of a partial summary judgment, as a final judgment, is appealable.[4] We have upheld the appropriateness of deciding the merits of a supervisory writ which could terminate the litigation in order to "avoid the waste of time and expense *956 of a possibly useless future trial on the merits." Herlitz Const. Co. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La. 1981). We did so in the interest of "judicial efficiency and fundamental fairness" to the litigants. Id. Here, an immediate appeal of a grant of partial summary judgment is equally fundamentally fair to the litigants. An immediate appeal will terminate the litigation and avoid the wastes and possibly useless future trial with equal efficiency. Because a supervisory writ is no more efficient and does not better serve the goals of judicial efficiency and fundamental fairness, an immediate appeal is necessarily an adequate remedy for seeking review of a final judgment. Where there is an adequate remedy by appeal, there normally is no need for the courts to exercise supervisory jurisdiction. As this Court has held, it is a mistake to seek review of a final judgment by supervisory writ rather than by appeal. In re Howard, 541 So.2d at 197; see Armstrong v. Stein, 634 So.2d 845 (La.1994).
Because a partial summary judgment that decides the merits of a case in part is a final judgment subject to immediate appeal, we hold that the proper vehicle for seeking review is by appeal in accordance with La.Code Civ.P. art. 2083(A) and 2121.

Conversion into Appeal
Although we now hold that an appeal is the proper vehicle for seeking review, we have previously, in order to "do substantial justice," converted numerous applications for supervisory writs into appeals and remanded to a lower court with instructions to treat the application for supervisory writs as a petition for appeal and to grant that appeal. E.g., Stein v. Martin, 97-0287 (La. 3/27/97), 691 So.2d 674 (per curiam), In Re Howard, 541 So.2d at 195; see La.Code Civ.P. art. 865.[5] In the instant case, because the law regarding the finality and appealability of partial summary judgments was arguably not yet settled,[6] we likewise convert Douglass' application for supervisory writs into an appeal.

Decree
For the foregoing reasons and in order to do substantial justice, we therefore remand this matter to the court of appeal to docket as an appeal.[7]
REMANDED.
JOHNSON, J., dissents.
LEMMON, J., dissents and assigns reasons.
KIMBALL, J., dissents for the reasons assigned by LEMMON, J., and assigns additional reasons.
LEMMON, Justice, Dissenting.
This case is a classic example of the improper use of a partial summary judgment to decide a single issue in the case without granting any of the relief sought by either party. The relief sought by the plaintiff was money to compensate him for the damages he sustained. The relief sought by the defendant was denial of the asserted obligation to pay money damages. The partial summary judgment neither granted nor refused the payment of money damages. The judgment simply struck one of the plaintiff's theories of the defendant's liability for the damages sustained by the plaintiff. The judgment granted no relief to either party and is not a valid partial final judgment which requires an immediate appeal.
Nevertheless, the judgment will control the admission of evidence in further proceedings, and the loser may (but need not) seek immediate review by supervisory writs under La.Code Civ.Proc. art. 2201. However, because any error in the partial summary judgment may be corrected on appeal after trial of the entirety of the merits, no immediate appeal is necessary. The scheme of the *957 Code articles discussed by the majority does not require a different result.

I
A judgment is a determination of the rights of the parties which may grant any relief to which the parties are entitled. La. Code Civ.Proc. art. 1841. A final judgment is one that determines the merits of the case in whole or in part. Id.
A court has the universal power to render a final judgment that decides the entirety of the merits of the case. However, La.Code Civ.Proc. art. 1915 provides an exclusive list of the partial final judgments by which a court may grant relief to the parties. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). Thus a judgment that determines the entirety of the merits of the action is appealable under La.Code Civ.Proc. art. 2083, but a judgment that only partially determines the merits of the action is a valid partial final judgment (and therefore appealable) only if authorized by Article 1915.

II
The critical decision facing a practicing lawyer against whom a partial judgment has been rendered is whether the judgment must be appealed in order to prevent that part of the judgment from acquiring the authority of the thing adjudged.[1] In the federal system, Fed.R.Civ.P. 54(b) in effect prohibits a judgment as to one or more, but fewer than all, of the claims or parties unless the court expressly determines there is no just reason for delay and expressly directs entry of the judgment. The redactors of the Louisiana Code of Civil Procedure decided not to adopt Rule 54(b) to govern the handling of the perplexing problems of partial judgments, but chose instead to limit the situations in which partial final judgments are permitted. Unfortunately, the Louisiana system places the burden of the lawyers, rather than on the court, to decide whether the judgment is a valid partial final judgment which must be appealed immediately.
When a partial judgment dismisses one of several parties, the judgment obviously must be appealed then or never. Such a judgment clearly grants relief to the party seeking the dismissal. It is when a partial judgment decides an issue without granting relief that the losing party faces the dilemma of deciding whether an immediate appeal is necessary to keep the issue alive. In my view, such a judgment is not a valid partial final judgment which requires immediate appeal in order to preserve rights of review.
Concededly, as the majority points out, Article 1915 authorizes a partial judgment which "grants a motion for summary judgment, as provided by Articles 966 through 969." Article 966A(1) provides that a party "may move for a summary judgment in his favor for all or part of the relief for which he has prayed." (emphasis added). In the present case the trial court's striking one of the theories of law under which plaintiff may recover his damages does not grant the defendant all or part of the relief for which it has prayed. This partial judgment therefore does not require an immediate appeal, and any error can be corrected on appeal after trial on the merits.
This interpretation does not mean that the losing party cannot seek immediate review of the partial judgment. Here, plaintiff may (and did) apply for supervisory writs. Indeed, if the issue is one on which settlement negotiations will turn, both parties could urge the appellate court to grant the application and decide the determinative issue as on appeal, and the trial judge by per curiam could certify the significance of the issue in avoiding lengthy litigation. But if the issue decided by partial summary judgment is one that the mover simply wants decided prior to trial in order to limit the issue and limit the necessary trial preparation, any error in the judgment can be corrected on appeal after trial on the merits.
*958 KIMBALL, Justice, dissenting.
I respectfully dissent.
As the majority opinion correctly notes, the Douglass' suit against the Ochsner defendants alleged several theories of liability, namely negligence, strict liability, and breach of an implied warranty of merchantability, all arising out of Anne Marie Douglass' alleged contracting of HIV from blood and blood products she received during surgery at Ochsner Hospital. On the Ochsner defendants' motion, the trial court granted a partial summary judgment holding La.R.S. 9:2797 bars the Douglass' claims for strict liability and breach of an implied warranty. Implicit in the trial court's determination is its decision that La.R.S. 9:2797 applies in the Douglass' case. However, as the majority opinion further notes, the Douglass' claims of negligence arising out of the same conduct against the same defendants remain for trial. As such, the trial court: (1) granted a partial summary judgment as to the applicability of La.R.S. 9:2797 to the Douglass' case; and (2) effectively granted a partial summary judgment as to several theories of liability, leaving an alternative theory of liability arising out of the exact same factual occurrence for trial. As such, in my view the initial issue in this matter to be decided by this Court is whether the trial court's ruling is a "final judgment" at all. Because, in my view, neither of these issues are properly determined by partial summary judgment, the trial court's ruling in this matter does not constitute a proper "judgment" which should be accorded "final judgment" status, and the majority therefore errs in its resolution of the issue left open in Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993).
First, the provision in La.Code Civ.P. art. 966 which allows for a party to move for summary judgment in his favor for "all or part of the relief for which he has prayed" (emphasis added) has consistently been construed to mean that a partial summary judgment may not be granted where, as in the instant case, only an issue or a theory of recovery is decided, but no part of the relief claimed by any party has been determined. See, e.g., Dryades Savings and Loan Ass'n v. Lassiter, 400 So.2d 894 (La.1981); State v. Exxon Corp., 95-2370 (La.App. 1st Cir. 6/28/96), 676 So.2d 788 (and cases cited therein); Coleman v. Robicheaux Air Boats, Inc., 94-2139 (La.App. 1st Cir. 6/23/95), 658 So.2d 807; Succession of Crowe v. Henry, 602 So.2d 243 (La.App. 2nd Cir.1992); Cenla Physical Therapy & Rehabilitation Agency v. Lavergne, 94-873 (La.App. 3rd Cir. 3/01/95), 651 So.2d 461; Hawkins v. Cox, 592 So.2d 852 (La.App. 3rd Cir.1991); Pape v. ODECO, 93-1005 (La.App. 4th Cir. 9/21/94), 643 So.2d 229; First National Bank of Jefferson Parish v. Lloyd's Underwriters, 629 So.2d 507 (La.App. 5th Cir.1993), writ denied, 94-0425 (La. 4/04/94), 635 So.2d 1110. Further, the applicability of a particular statute to a claim, absent anything else, is by itself not the proper subject of a partial summary judgment. See, e.g., Winstead v. Ed's Live Catfish & Seafood, 554 So.2d 1237, 1241 (La.App. 1st Cir.1989), writ denied, 558 So.2d 570 (La.1990).
Second, in Everything On Wheels Subaru, this Court examined in detail the problems posed by designating "judgments" which adjudicate fewer than all of the claims or defenses, or adjudicate the claims or defenses of one or more but less than all of the problems, as appealable. Id. at 1238-42. In doing so, we noted "[i]f all such judgments were appealable, there would be intolerable problems of multiple appeals and piecemeal litigation ...," and that La.Code Civ.P. art. 1915 had therefore divided the resolution of the problem into two categories: parties and issues. Id. at 1241. As to parties, we noted that a judgment which adjudicates the rights and liabilities of one or more, but less than all, of the plaintiffs, defendants or parties to an incidental action and results in the dismissal of one or more of these parties is a partial final judgment authorized under Article 1915, and is therefore an appealable judgment. Id. However, as to issues, we noted that a judgment which, without dismissing a party, adjudicates some, but less than all, of the claims, issues, or defenses presents a much greater problem than a judgment dismissing some, but not all, of the parties. Id. Because Article 1915 lists the exclusive instances in which partial judgments are permitted, *959 and Article 1915 does not specifically authorize a partial judgment on an exception of no cause of action (unless a party is dismissed), the procedural vehicle at issue in Everything On Wheels, we found the judgment in that case was an interlocutory judgment which was not appealable. Id. However, we further noted that such judgments usually result from a motion for summary judgment or a motion for judgment on the pleadings, both of which are listed in Article 1915. While, as the majority states, we specifically "reserve[d] for another day the question whether a partial judgment on a motion for summary judgment, that merely decides one of several claims, defenses or issues without dismissing any party, is a final judgment which is authorized by Article 1915 and which therefore must be appealed immediately...," the majority fails to explain we prefaced the reservation of this issue with the following statement:
There does not appear to be any logical reason to treat partial judgments resulting from a motion for summary judgment any differently from partial judgments resulting from an exception of no cause of action.
In my view, the majority opinion fails to advance any logical reason for treating partial judgments resulting from motions for summary judgment differently from partial judgments resulting from exceptions of no cause of action and, after examining this issue in detail, I cannot agree that such rulings result in final judgments which acquire the authority of a thing adjudged such that they must be appealed immediately. Instead, in my view the sound reasoning underlying the distinctions drawn in Everything On Wheels Subaru is equally applicable to rulings based on motions for partial summary judgment. In other words, where the parties have multiple claims at issue which could have been brought as separate suits, partial summary judgment may be appropriate as to one or more of the distinct claims or issues. However, where an action asserts several claims or theories of recovery based on one set of operative facts, i.e., the claims or issues all arise from the same transaction or occurrence, a partial summary judgment dispensing with less than all of the issues or theories of recovery is simply not appropriate. See Everything On Wheels Subaru, 616 So.2d at 1238-39.
In sum, the majority decision in this matter is contrary to both the jurisprudential interpretation of La.Code Civ.P. art. 966 and this Court's sound reasoning in Everything On Wheels Subaru and, in my view, will result in unnecessary piecemeal litigation. I therefore respectfully dissent.
NOTES
[*] Calogero, C.J., not on panel. Rule IV, Part 2, § 3.
[1] La.R.S. 9:2797, the so-called "blood shield" statute, provided in relevant part:

Strict liability or liability of any kind without negligence shall not be applicable to ... hospitals, hospital blood banks ... in the screening, processing, transfusion, or medical use of human blood and blood components of any kind... which results in the transmission of viral diseases undetectable by appropriate medical and scientific laboratory tests.
[2] Douglass' claims of negligence remain for trial.
[3] These appeals are now pending in the Louisiana Court of Appeal for the Fifth Circuit.
[4] Conversely, an appeal will not lie from the denial of a summary judgment. La.Code Civ.P. art. 968.
[5] La.Code Civ.P. art. 865 provides: "Every pleading shall be construed as to do substantial justice."
[6] See discussion supra. Everything on Wheels, 616 So.2d at 1241 n. 12. We note, however, that the law is now settled.
[7] Douglass' Notice of Intention to Apply for Supervisory Writs against the September 4, 1996 judgment in favor of Ochsner was filed on September 9, 1996 and thus would have been timely filed as a Motion for Devolutive Appeal. Additionally, Douglass' Application for Writ to the Fifth Circuit was filed on September 17, 1996: also timely for an appeal.
[1] Under La.Rev.Stat. 13:4231, a final judgment, when rendered, is conclusive between the parties and therefore is a res judicata bar to further litigation of the cause of action, except on appeal. However, the judgment does not acquire the authority of the thing adjudged until the delay for appealing elapses without the filing of an appeal or until appellate review has been exhausted. La.Civ.Code art. 3506(31).