944 So.2d 632 (2006)
Michael E. SULLIVAN
v.
Ms. Priscillia PITRE, Doc Records Analyst, Allen Correctional Center, Richard Stalder D.O.C. Secretary, Linda Ramsay.
No. 2005 CA 2361.
Court of Appeal of Louisiana, First Circuit.
September 27, 2006.
*633 Michael Sullivan, Evergreen, In Proper Person Plaintiff/Appellant, Michael Sullivan.
William Kline, Baton Rouge, for Defendant/Appellee, Richard Stadler.
(Court composed of Judge CHARLES R. JONES, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD, serving as judges ad hoc by special appointment of the Louisiana Supreme Court).
CHARLES R. JONES, Judge Ad Hoc.
The Appellant, Michael Sullivan, has filed the instant appeal seeking Judicial Review of the final agency's decision rendered under Administrative Remedy Procedure No. ACC-2003-446. Sullivan contends that a strict reading of La. R.S. 15:571.3(D) (Act 150) reveals that only inmates with two convictions for a crime of violence may be denied good time eligibility under the express language of the statute. Thus, he argues that because his latest conviction constitutes a fourth offense crime of violence, the Department of Corrections is not allowed to apply the provisions of La. R.S. 15:571.3(D) as amended by Acts 1994, 3d Ex.Sess., No. 150 Section 1 (Act 150), to deny him good time. We AFFIRM the judgment of dismissal by the district court.
Sullivan filed an administrative remedy procedure (ARP) contesting the Louisiana Department of Public Safety and Corrections' (DPSC) refusal to credit him with the accrual of good time. Sullivan's ARP was denied at all three levels of review by DPSC, which maintained that Sullivan was ineligible to earn good time because the statute provides that diminution of sentence shall not be allowed an inmate if the instant offense is a second offense crime of violence as defined by La. R.S. 14:2(13), committed on or after August 27, 1994; and because his other crimes of violence were committed prior to August 27, 1994, before Act 150 was enacted. Thus, his instant offense, first degree robbery, was committed after August 27, 1994, which constitutes his second conviction for a crime of violence.
After exhausting his administrative remedies to no avail, Sullivan filed suit in the 19th Judicial District Court seeking judicial review of DPSC's decision. DPSC filed an answer denying Sullivan's allegations. A commissioner appointed by the district court reviewed the matter and issued a report recommending that the DPSC's decision be affirmed, that Sullivan's petition be dismissed with prejudice at Sullivan's cost, and that Sullivan be assessed a strike for filing a frivolous request for judicial review. The district court rendered judgment in conformity with the commissioner's recommendation, which judgment Sullivan now appeals.
Sullivan is currently serving a thirty (30) year sentence for First Degree Robbery. In Sullivan's sole assignment of error, he contends that the Records Office has misapplied La. R.S. 15:571.3(D) as amended by Acts 1994, 3d Ex.Sess., No. 150 Section 1, to this sentence, thus denying him the opportunity to earn diminution of sentence credits. He further argues that this offense is his "second crime of violence."
*634 Louisiana Revised Statute 15:571.3(D) (Act 150) provides in pertinent part that:
Diminution of sentence shall not be allowed an inmate in the custody of the Department of Public Safety and Corrections if the instant offense is a second offense crime of violence as defined in R.S. 14:2(13) . . . (Emphasis added).[1]
The master prison record reflects three prior convictions of Sullivan for crimes of violence; Armed Robbery, St. Mary Parish, sentenced 08/26/91; Simple Robbery and Attempted Simple Robbery, Lafayette Parish, sentenced 09/15/92. Sullivan therefore argues that this is his fourth offense crime of violence, not his second offense. He asserts that the Department of Corrections' interpretation of the statute only provides authority to deny third and subsequent crime of violence offenders the eligibility to earn diminution of sentence credits. We find no merit in this argument.
Sullivan contends that R.S. 15:571.3(D) only denies good time eligibility for inmates whose instant offense is a second crime of violence as defined by R.S. 14:2(13), and he argues that the Department of Corrections is not allowed to apply the provisions of R.S. 15:571.3(D) to deny inmates diminution of sentence credits when the instant offense is a third, or subsequent offense crime of violence. We disagree.
The starting point in interpreting any statute is the language of the statute itself. Theriot v. Midland Risk Ins. Co., 95-2895, 694 So.2d 184 (La.1997); Touchard v. Williams, 617 So.2d 885 (La.1993). Where a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written without further interpretation in search of legislative intent. La. Civ.Code Article 9; New Orleans Rosenbush Claims Serv., Inc. v. City of New Orleans, 94-2223 (La.4/10/95), 653 So.2d 538 (La.1995); Moore v. Gencorp, Inc., 93-0814 (La.3/22/94), 633 So.2d 1268. It is presumed that every word, sentence or provision in the statute was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1 Cir.1984). It is presumed that the legislature understands the effect and meaning of the words it uses in a statute. Clark v. Board of Commissioners of the Port of New Orleans, 422 So.2d 247 (La.App. 4 Cir. 1982). The Legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. Theriot v. Midland Risk Ins. Co., 694 So.2d 184 (La. 1997).
Sullivan contends that the language of Act 150 is unambiguous and clear that diminution of sentence credits shall only be denied those inmates whose instant offense is a second offense crime of violence . . . not third or subsequent offense crimes of violence. However, we find that the clear language of the statute provides authority to DPSC to deny diminution of sentence credits to inmates convicted of two or more crimes of violence as defined by La.-R.S. 14:2(13). Moreover, we find that Sullivan's interpretation of R.S. 15:571.3(D) leads to an absurd result clearly not intended by the legislature.
The purpose of the statute is to deny good time eligibility for inmates with multiple convictions for crimes of violence. Sullivan's argument ignores the fact that he does indeed have a second conviction for a crime of violence. The legislature *635 did not intend for inmates to be rewarded by receiving good time eligibility for more than two convictions for crimes of violence.

DECREE
Accordingly, we find DPSC acted properly in denying Sullivan's right to earn good time based on his having been convicted of a second offense crime of violence as defined by La. R.S. 14:2(13). We AFFIRM the judgment of the dismissal by the district court.
AFFIRMED.
NOTES
[1] LSA-R.S. 14:2(13) defines First Degree Robbery as a crime of violence.