991 So.2d 462 (2008)
James SKIPPER
v.
Honorable Judge Leo BOOTHE, et al.
No. 2008-CP-1292.
Supreme Court of Louisiana.
October 3, 2008.
Writ application not considered.
CALOGERO, C.J., dissents and assigns reasons.
JOHNSON, J., would consider the writ application on the merits and assigns reasons.
*463 CALOGERO, Chief Justice, dissenting.
I would consider the writ application on its merits rather than dismiss it as untimely filed. I believe this court should adopt the "mailbox rule," see Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), for all pro se inmate filings, whether civil or criminal. Alternatively, I would apply the "mailbox rule" in this case to deem the writ application timely filed, because the allegations asserted in, and the relief requested by, relator's petition in the district court suggest the case is more in the nature of a criminal proceeding than a civil one. See and compare Richardson v. Say, 31,989, pp. 3-4 (La.App. 2 Cir. 7/22/99), 740 So.2d 771, 773-74.
Essentially, relator, an inmate in the Avoyelles Correctional Center, filed suit against inter alia the Honorable Leo Boothe, who had presided over relator's criminal proceeding and had sentenced relator to serve concurrent terms of twenty-five years and five years, alleging that Judge Boothe had discriminated against him in violation of his constitutional rights. Relator sought removal of the judge from his criminal case and assignment of the case to another judge in the district. Initially, relator's petition was filed into the district court as a criminal filing, but apparently it was later designated as a civil filing against Judge Boothe and other defendants, and was allotted to Judge Boothe. Judge Boothe then ruled on relator's civil petition, citing prior rulings in the criminal case, and found that the claims asserted in the civil action seeking Judge Boothe's removal had been resolved in favor of Judge Boothe not being disqualified from the criminal proceeding. Judge Boothe concluded the claims were res judicata and dismissed at relator's costs his civil petition.
Relator then sought writs in the court of appeal, but the appellate court denied the application. The appellate court reasoned that the judgment dismissing the civil action was a final, appealable judgment, and that appellate courts generally will not exercise their supervisory jurisdiction when an adequate remedy on appeal exists. Skipper v. Boothe, 08-CW-00539 (La.App. 3 Cir. 5/6/08)(unpublished), citing Douglass v. Alton Ochsner Medical Foundation, 96-2825 (La.6/13/97), 695 So.2d 953. Relator is now seeking writs in this court, also citing Douglass and asserting the appellate court should have converted his writ application to an appeal and then ruled on the merits of the appeal.
Under our rules, relator had until Thursday, June 5, 2008, to file his writ application in this court. Relator certified in his application that on June 3, 2008, he placed in the United States mail his application for supervisory writs. The application was received in this court on Friday, June 16, 2008, outside the 30-day time limitation, but there was no official United States postmark; instead, there was a postal meter stamp showing a date of June 4, 2008. Notwithstanding that such a filing would otherwise be untimely made without proper proof of mailing, see La. Sup.Ct. Rule X, § 5(d), relator's application should be deemed timely filed under the "mailbox rule" because it was clearly delivered to correctional center officials within the 30-day time limitation for filing the writ application in this court. Given that the petition relates entirely to relator's criminal convictions and sentences, I would apply the "mailbox rule" that we apply to criminal matters, even though the petition is styled as a civil pleading.
JOHNSON, Justice, considering the writ application on the merits:
In my mind, Louisiana should adopt the "mailbox rule," in criminal and civil *464 cases, finding that a document is considered "filed" when it is delivered to prison officials. Tatum v. Lynn, 93-1559 (La. App. 1st Cir.5/20/94), 637 So.2d 796. The U.S. Supreme Court, in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), concluded that a document is timely when the inmate has deposited the document with prison authorities. The U.S. Supreme Court reasoned that the inmate had used the only means available to him to ensure the timely filing of his petition, namely delivery to the prison authorities. There was nothing further he could do to protect his rights.