NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-690


CHARLES CUTLER

VERSUS

CITY OF SULPHUR


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2009-162
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Gregory W. Belfour
Jones, Tête, Fonti & Belfour, L.L.P.
P. O. Box 1930
Lake Charles, LA 70602
(337) 439-8315
Counsel for Defendant/Appellee:
    City of Sulphur

Charles Cutler
In Proper Person
Hunt Correctional Center
P. O. Box 174
St. Gabriel, LA 70776
(318) 649-2100

**DECUIR, Judge.**

This is pro se appeal from a grant of an exception of prescription in favor of the defendant.

## FACTS

On January 6, 2008, the Sulphur Police Department searched the residence of Charles Cutler for illegal drugs. On January 12, 2009, Cutler filed suit against the City of Sulphur seeking compensation for damages to his property sustained in that search. The City filed an exception of prescription alleging that the suit was prescribed on its face. The trial court agreed and granted the City's exception. Cutler lodged this appeal.

## PRESCRIPTION

Cutler first claims that the trial court erred in finding his suit had prescribed. We disagree. Ordinarily, when dealing with prescription, the burden of proof is on the party pleading prescription; however, when the plaintiff's petition has clearly prescribed on its face, as it has here, the burden shifts to the plaintiff to prove that prescription has been suspended or interrupted. *Younger v. Marshall Ind., Inc.*, 618 So.2d 866 (La.1993). Delictual actions are subject to a prescriptive period of one year commencing from the date that the injury or damage is sustained. La.Civ.Code art. 3492. Prescription may be interrupted by the commencement of an action against the obligor. La.Civ. Code. art. 3462.

Cutler knew that his trailer was searched on January 6, 2008. He had until January 6, 2009, to file his claim. His suit is prescribed on its face. Accordingly, the burden of proof shifts to him to show interruption or suspension. He argues that the discovery of new evidence on June 1, 2009 interrupted prescription. However, new

evidence did not change the date on which he knew he had sustained damage and, therefore, could not interrupt prescription.

Cutler also argues that his lawsuit was timely mailed while he was incarcerated and, therefore, it did not prescribe by virtue of the "mailbox rule." *Shelton v. Louisiana Department of Corrections*, 96-348 (La.App. 1 Cir. 2/14/97), 740 So.2d 771. The supreme court has declined to extend the "mailbox rule" to all civil proceedings. *Skipper v. Boothe*, 08-1292 (La. 10/3/08), 991 So.2d 462. We find it to be inapplicable in this case.

Finally, Cutler argues that La.R.S. 9:5624 allowed him two years to file his lawsuit against the City. That statute provides for an extended prescriptive period when damage to private property was a necessary consequence of construction work incidental to a public project, and not to those damages that result exclusively from negligent acts or omissions. *Elmer v. West Jefferson Levee District*, 01-248 (La.App. 5 Cir. 11/27/01), 803 So.2d 229, 237, *writ denied*, 02-1032 (La. 6/14/02), 817 So.2d 1158. We find the statute inapplicable to this case.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.