# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2020 CA 0067

# LAURENCE BELL

# VERSUS

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

**Judgment Rendered:** NOV 0 6 2020

\* \* \* \* \* \*

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. C669863

Honorable Richard "Chip" Moore, Judge Presiding

\* \* \* \* \* \*

Laurence Bell #120433
Dixon Correctional Institute
Jackson, Louisiana

Plaintiff/Appellant
In Proper Person

Elizabeth Desselle
Baton Rouge, Louisiana

Counsel for Defendant/Appellee
Louisiana Department of Public
Safety and Corrections

\* \* \* \* \* \*

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

**McCLENDON, J.**

Laurence Bell, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("DPSC"), appeals the May 1, 2019 judgment of the district court which dismissed his petition for judicial review with prejudice. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Bell contends DPSC improperly classified him as an inmate convicted of a second crime of violence and therefore ineligible for good time credits pursuant to Act 150 of LSA-R.S. 15:571.3 (Act 150).[1] Bell was convicted of first degree robbery for an offense committed on May 2, 1987 (prior conviction). Bell was subsequently convicted of attempted second degree murder for an offense committed on July 23, 2013, and is currently serving a ten year sentence as imposed on April 21, 2014 (instant conviction). In Administrative Remedy Procedure ("ARP") Number HDQ-2017-2122, Bell argued that he should be classified as an inmate convicted of a first crime of violence, and accordingly have the opportunity to earn good time, because a "cleansing period" of more than ten years separated his prior conviction and his instant conviction. Bell also maintained in his brief that the denial of good time in his present sentence operates as an unconstitutional *ex post facto* law, because his first conviction occurred prior to the 1994 enactment of Act 150. Bell sought relief in the form of recalculation of his master prison record reflecting eligibility for dimunition of sentence as a first time crime of violence offender.

After exhausting his administrative remedies, Bell filed a petition for judicial review in the Nineteenth Judicial District Court, which was assigned to a commissioner for evaluation.[2] The DPSC filed a response to Bell's petition and attached the entire administrative record. The commissioner reviewed the record and

---

[1] Act 150 amended LSA-R.S. 15:571.3(D) to deny diminution of sentence for good behavior, commonly known as "good time," to an inmate in custody who has committed a second offense crime of violence. Act 150 became effective August 27, 1994. See 1994 La. Acts, 3d Ex.Sess., No. 150, § 1.

[2] The office of commissioner of the Nineteenth Judicial District Court was created by LSA-R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. LSA-R.S. 13:713(A). The district judge "may accept, reject, or modify in whole or in part the findings or recommendations made by the commissioner and also may receive further evidence or recommit the matter to the commissioner with instructions." LSA-R.S. 13:713(C)(5); **Abbott v. LeBlanc**, 2012-1476 (La.App. 1 Cir. 3/25/13), 115 So.3d 504, 505 n. 1.

2

determined that the decision of the DPSC to deny Bell good time should be affirmed, and Bell's petition for judicial review should be dismissed with prejudice. The commissioner's report explained that Bell's ten year cleansing period argument was not contained in Act 150 of LSA-R.S. 15:571.3, but was instead "borrowed" from LSA-R.S. 15:529.1, the habitual offender statute. The commissioner's report further noted that as of the 1994 enactment of Act 150, Bell was on notice that he would be ineligible for good time if he committed another crime of violence. Thus, the commissioner found that Bell was properly classified as an offender convicted of a second offense crime of violence, ineligible for good time. Following a *de novo* review, the trial court adopted the commissioner's report as reasons in a May 1, 2019 written judgment, and dismissed Bell's appeal of ARP No. HDQ-2107-2122, with prejudice, at Bell's costs. Bell then filed this appeal. Although he did not include any assignments of error in his brief, Bell's sole assignment of error appears to be that he should not be classified as an offender convicted of a second crime of violence, and therefore should be eligible for good time.[3]

## STANDARD OF REVIEW

On review of the district court's judgment under LSA-R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. **Owens v. Stalder**, 2006-1120 (La.App. 1 Cir. 6/8/07), 965 So.2d 886, 888.

## DISCUSSION

This court has previously explained that the purpose of LSA-R.S. 15:571.3(D) is to deny good time eligibility for inmates with multiple convictions for crimes of violence. **Sullivan v. Pitre**, 2005-2361 (La.App. 1 Cir. 9/27/06), 944 So.2d 632, 634, writ denied sub nom. **State ex rel. Sullivan v. State**, 2006-2685 (La. 9/14/07), 963 So.2d 388. In his ARP and on appeal, Bell has challenged his classification as an inmate convicted of a second violent crime and his resulting ineligibility for good time pursuant to LSA-

---

[3] Upon this court's initial review of this matter, we noted that it appeared Bell's motion for appeal was untimely filed. On March 5, 2020, we issued an *ex proprio motu* order directing the parties to show cause why the appeal should or should not be dismissed. Bell had initially filed a notice of intent to take supervisory writs on July 10, 2019, within the delay to take a devolutive appeal. Therefore, in a separate action on August 5, 2020, we maintained the appeal. See **In re Howard**, 541 So.2d 195, 197 (La. 1989).

3

R.S. 15:571.3(D). Bell claims that he should be classified as a first time violent offender, and therefore permitted the opportunity to earn good time, because a "cleansing period" of more than ten years elapsed between his prior conviction and his instant conviction. In support of this argument, Bell refers to the cleansing period found in LSA-R.S. 15:529.1,[4] which precludes an offender from being adjudicated as a habitual offender when a set amount of time has elapsed between the predicate and instant offenses.

The starting point in the interpretation of any statute is the language of the statute itself. **Barrilleaux v. Board of Sup'rs of Louisiana State University**, 2014-1173 (La.App. 1 Cir. 4/24/15), 170 So.3d 1015, 1020, <u>writ denied sub nom</u>. **Barrilleaux v. Board of Sup'rs of Louisiana State University and Mechanical College**, 2015-1019 (La. 9/11/15), 176 So.3d 1048. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written without further interpretation in search of legislative intent. LSA-C.C. art. 9. Thus, with respect to Bell's argument that he should be classified as a first time violent offender because more than ten years separate his prior conviction and his instant conviction, we begin with the language of the governing statute itself. At the time Bell committed the offense underlying the instant conviction[5], LSA-R.S. 15:571.3(D) provided in full:

> Diminution of sentence shall not be allowed an inmate in the custody of the Department of Public Safety and Corrections if the instant offense is a second offense crime of violence as defined by R.S. 14:2(B).

The word "shall" is mandatory. LSA-C.Cr.P. art. 5. Thus, the plain language of LSA-R.S. 15:571.3(D) creates an absolute prohibition against good time for inmates convicted for the second time of a violent crime. The statute does not qualify this prohibition in any manner. More specifically, there is no reference to a cleansing period such as the one found in LSA-R.S. 15:529.1. The Louisiana Supreme Court has firmly established "that courts must presume that a legislature says in a statute what it means

---

[4] The purpose of LSA-R.S. 15:529.1 is to deter and punish recidivism. **State v. Smith**, 2003-0917 (La.App. 1 Cir. 12/31/03), 868 So.2d 794, 803.

[5] The Louisiana Supreme Court has consistently held that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. **Buford v. LeBlanc**, 2015-0765 (La.App. 1 Cir. 12/23/15), 186 So.3d 173, 178.

and means in a statute what it says there." **State v. Lyles**, 2019-00203 (La. 10/22/19), 286 So.3d 407, 410. Applying this principle to the question before us, it is clear that LSA-R.S. 15:571.3(D) does not provide for a cleansing period by which an offender convicted of a second crime of violence may be classified as an offender convicted of a first crime of violence. Moreover, because laws are presumed to be passed with deliberation and with full knowledge of all existing ones on the same subject, **Adler v. Williams**, 2016-0103 (La.App. 1 Cir. 9/16/16), 203 So.3d 504, 511, we must presume that the legislature enacted Act 150 with full knowledge of the cleansing period found in LSA-R.S. 15:529.1, and deliberately did not include or incorporate a cleansing period in the language of Act 150. Therefore, the DPSC properly classified Bell as an inmate convicted of a second violent crime, ineligible for good time.

Bell also argues that because his prior offense was committed before LSA-R.S. 571.3(D) was enacted by Act 150 in 1994, the denial of good time in his present sentence operates as an unconstitutional *ex post facto* law in violation of Article I, § 10 of the United States Constitution and Article I, § 23 of the Louisiana Constitution. See **Williams v. Creed**, 2007-0614 (La.App. 1 Cir. 12/21/07), 978 So.2d 419, 422-23, writ denied sub nom. **State ex rel. Williams v. State**, 2008-0433 (La. 10/2/09), 18 So.3d 111. In **Victorian v. Louisiana Department of Public Safety & Corrections**, 2016-0523 (La.App. 1 Cir. 12/22/16) (*unpublished*) 2016 WL 7409243, writ denied sub nom. **Victorian v. Leblanc**, 2017-0517 (La. 5/25/18), 242 So.3d 1231, this court considered whether the denial of good time constituted an *ex post facto* application of criminal law when the offender was convicted of a first offense before the enactment of Act 150, and was subsequently convicted of a second offense after the enactment of Act 150. The **Victorian** court noted that at the time the offender committed the second offense, both the first and second offense were classified as crimes of violence under LSA-R.S. 14:2(B), and accordingly, the offender was not eligible for good time on the second. The **Victorian** court further stated that because the offender had only been denied eligibility to seek an early release from the physical custody of the Department, and his criminal penalty for the second crime of violence had not been increased, the offender was not being subjected to an *ex post facto* application of the criminal law.

5

In this matter, as in **Victorian**, Bell's prior conviction occurred prior to the enactment, and his instant conviction occurred afterwards. Under the clear wording of LSA-R.S. 15:571.3(D) in effect at the time Bell committed the instant offense on July 23, 2013, he was not eligible to earn diminution of his sentence through good time credit. Additionally, as in **Victorian**, although Bell has been denied eligibility to obtain an early release, the penalty for his instant conviction has not been increased. Moreover, as noted by the commissioner, because Act 150 was enacted before Bell committed the offense which led to the instant conviction, Bell had been put on notice that commission of a crime of violence would eradicate his hopes for diminution of sentence under the good time provisions. See, e.g., **Kozlowicz v. State, Department of Public Safety & Corrections**, 2008-1806 (La.App. 1st Cir. 3/27/09), 9 So.3d 1000, 1007; **Bancroft v. Louisiana Department of Public Safety & Corrections**, 1993-1135 (La.App. 1st Cir. 4/8/94), 635 So.2d 738, 741; **Sloan v. LeBlanc**, 2011-0669 (La.App. 1 Cir. 11/9/11) (*unpublished*) 2011 WL 5419860. Thus, Bell has not been subjected to an unconstitutional *ex post facto* application of law.

## CONCLUSION

For the foregoing reasons, we affirm the May 1, 2019 judgment of the trial court, which dismissed Bell's suit and rendered judgment in favor of DPSC and against Bell. Total costs of this appeal are assessed against Bell.

**AFFIRMED.**