# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

SANDRA BELL LEMOINE SCOTT
AND WILLIAM H. SCOTT, JR.

VERSUS

DOUGLAS DAN GUILLIAMS,
LEIGHANN MARI GUILLIAMS
FABRE, AND PARKVIEW PLAZA
PROPERTIES, L.L.C.

**DECEMBER 21, 2020**

---

In Re:    Sandra and William Scott, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 681881.

---

**BEFORE:    WHIPPLE, C.J., WELCH AND CHUTZ, JJ.**

**WRIT GRANTED WITH ORDER.** The portion of the trial court's October 14, 2020 judgment sustaining the peremptory exception of no right of action and dismissing all claims of plaintiff, William H. Scott, Jr., filed by defendants Douglas Dan Guilliams, Leighann Guilliams Fabre, and Parkview Plaza Properties, LLC is a final appealable judgment. See La. Code Civ. P. art. 1915A(1). Therefore, the writ application is granted, for the limited purpose of remanding the case to the trial court with instructions to grant relator, William H. Scott, Jr., an appeal pursuant to the pleading that notified the district court of his intention to seek supervisory writs. See **In re Howard**, 541 So.2d 195, 197 (La. 1989) (per curiam). In the event plaintiff, William H. Scott, Jr. seeks to appeal the trial court's judgment, he shall submit an order for appeal to the trial court within thirty days of this court's order. Additionally, a copy of this court's order is to be included in the appellate record.

Generally, an exception of no cause of action should not be maintained in part, so as to prevent a multiplicity of appeals thereby forcing an appellate court to consider the merits of the action in a piecemeal fashion. **Robinson v. Wayne and Beverly Papania and Pyrenees Investments, LLC**, 2015-1354 (La. App. 1st Cir. 10/31/16), 207 So.3d 566, 572, writ denied sub nom., **Robinson v. Papania**, 2016-2113 (La. 3/13/17), 216 So.3d 808. Additionally, the Louisiana Code of Civil Procedure does not provide for a partial peremptory exception raising the objection of no right of action. **Poule D'Eau Properties, LLC v. TLC Properties, Inc.**, 2018-1400 (La. App. 1st Cir. 6/16/20), 2020 WL 3249294 (unpublished). Therefore, we find the trial court's October 14, 2020 judgment sustaining defendants' partial exception of no right of action and partial exception of no cause of action of Sandra Bell Lemoine Scott's claims to be improper. Accordingly, we grant this portion of the writ application and reverse that part of the October 14, 2020 judgment sustaining defendants', Douglas Dan Guilliams, Leighann Guilliams Fabre, and Parkview Plaza Properties, LLC, exception of no cause of action as to plaintiff's, Sandra Bell Lemoine Scott, claims of Fraudulent Inducement of a Contract of Lease, Fraudulent Inducement of a Contract (Act of Sale), Fraud against

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

the plaintiffs, generally, Commingling of Assets (the "alter ego" doctrine), and Simulation of Sale and/or Donation in Disguise (Act of Sale), and deny this exception. We also reverse the trial court's judgment sustaining defendants', Douglas Dan Guilliams, Leighann Guilliams Fabre, and Parkview Plaza Properties, LLC, exception of no right of action as to plaintiff's, Sandra Bell Lemoine Scott, claims for Lesion Beyond Moiety and Fraudulent Inducement of a Contract (Act of Sale), and deny this exception.

**VGW**
**JEW**
**WRC**

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT