| | | |
|---|---|---|
| **CANDACE M. TOUSSAINT** | * | **NO. 2025-C-0428** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **RHYAN SPEARS, MISTY** | * | |
| **BOUDREAUX, CRNA,** | | **FOURTH CIRCUIT** |
| **STEPHANIE GUZMAN M.D.,** | * | |
| **AND LOUISIANA PATIENT** | | **STATE OF LOUISIANA** |
| **COMPENSATION FUND** | * * * * * * * | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2024-09696, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Dale N. Atkins)


Pius A. Obioha
Mari T. Bartholomew
1550 North Broad Street
New Orleans, LA 70119

    COUNSEL FOR RELATOR, Candace M. Toussaint


           **WRIT GRANTED; REMANDED**
           **JULY 23, 2025**

DNA

DLD

SCJ

Relator, Candace M. Toussaint ("Ms. Toussaint"), seeks supervisory review of the trial court's June 17, 2025 judgment, which denied her "Motion for Leave to Intervene" ("Motion to Intervene"). For the following reasons, we grant Ms. Toussaint's writ application for the limited purpose of ordering the trial court to consider Ms. Toussaint's "Notice of Intent to File Supervisory Writ ("Notice of Intent") as a timely motion for appeal.

## RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 3, 2022, Nichele[1] Spears died during a colonoscopy screening. On June 1, 2023, her husband, Sean Toussaint, filed a request for the appointment of a medical review panel. The medical review panel rendered an opinion on July 18, 2024, therein finding that a nurse and doctor breached the applicable standard of care during Nichele Spears' procedure. Shortly thereafter, on September 3, 2024, Sean Toussaint also died. On October 15, 2024, the Orleans Parish Civil District Court appointed Ms. Toussaint, the sister of Sean Toussaint, as the administratrix of his succession. Only one week later, on October 22, 2024, Rhyan

---

[1] The name "Nicole" also appears in Ms. Toussaint's writ application; but this Opinion will use the name "Nichele" because that is the name listed in the medical review panel opinion and the Petition for Damages, both of which are discussed later.

1

Spears, who is the son of Nichele Spears, filed a Petition for Damages in Orleans Parish Civil District Court against the nurse and doctor regarding his mother's death.

Subsequently, on April 15, 2025, Ms. Toussaint filed her Motion to Intervene, whereby she contended she had an interest in intervening in Rhyan Spears' lawsuit pursuant to La. C.C.P. art. 1091 because she had been appointed administratix of Sean Toussaint's succession; was a surviving heir of Sean Toussaint; and sought the same or similar relief as Rhyan Spears.[2] As Ms. Toussaint explained in her Motion to Intervene, prior to his death, Sean Toussaint had initiated a wrongful death and survival action against the defendants named in Rhyan Spears' lawsuit. Ms. Toussaint asserted that as the administratrix of Sean Toussaint's estate, she therefore had "the right and responsibility to sue on behalf of [the] estate to recover assets owed to it, defend against claims, and ensure the estate interests [were] protected in the succession process" pursuant to La. C.C.P. art. 3196.[3] Rhyan Spears, the defendant nurse, and the State of Louisiana on behalf of the defendant doctor each filed an opposition to Ms. Toussaint's Motion to Intervene and asked the trial court to dismiss it.

On June 12, 2025, the trial court conducted a hearing on Ms. Toussaint's Motion to Intervene. In a judgment dated June 17, 2025, the trial court denied Ms. Toussaint's Motion to Intervene and dismissed it with prejudice. On July 7, 2025, Ms. Toussaint filed her Notice of Intent. Therein, she specified that she was

---

[2] Regarding the ability to intervene, La. C.C.P. art. 1091 states that "[a] third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto." According to La. C.C.P. art. 1031, an intervention is an incidental demand.

[3] Louisiana Code of Civil Procedure Article 3196 provides that "In the performance of his [or her] duties, a succession representative may exercise all procedural rights available to a litigant."

2

seeking review of the June 17, 2025 judgment and requested that the trial court stay the proceedings in Rhyan Spears' lawsuit pending this Court's decision. On July 9, 2025, the trial court signed the order permitting Ms. Toussaint to seek supervisory review but denied Ms. Toussaint's request for a stay of the proceedings. This Court received Ms. Toussaint's timely writ application on July 16, 2025.

## ASSIGNMENTS OF ERROR

In her writ application, Ms. Toussaint asserts two assignments of error:

1. [Ms. Toussaint] alleges that the [t]rial [c]ourt erred and committed reversible error when it deemed that filing of a request for a Medical Review Panel under La. R.S. 40:1231.8 does not constitute the legal initiation of a medical malpractice claim.

2. [Ms. Toussaint] alleges that the [t]rial [c]ourt erred and committed reversible error when it deemed that an appointed administrator of a deceased claimant's estate did not have legal authority to continue a pending medical malpractice action initially filed by the decedent.

In our review of Ms. Toussaint's writ application, we realized a procedural issue that must be addressed before this Court can consider the merits of these above arguments.

## DISCUSSION

***Issue One: Whether a Writ Application was the Proper Procedural Vehicle for Seeking Review of the Trial Court's Judgment***

By filing a writ application regarding the trial court's June 17, 2025 judgment dismissing her Motion to Intervene, Ms. Toussaint sought to invoke this Court's supervisory jurisdiction rather than our appellate jurisdiction. This Court "has appellate jurisdiction of . . . all civil matters" and "has supervisory jurisdiction over cases which arise within its circuit." La. Const. art. 5, § 10. "This [C]ourt's

3

appellate jurisdiction extends to final judgments identified as such by appropriate language and to interlocutory judgments when expressly provided by law." *First NBC Bank v. River Park Dev., L.L.C.*, 2021-1209, p. 3 (La. App. 1 Cir. 4/8/22), 341 So.3d 827, 829 (first citing La. C.C.P. arts. 1918 and 2083; and then citing *Barfield v. Tammany Holding Co.*, 2016-1420 (La. App. 1 Cir. 6/2/17), 2017 WL 2399020, *1). We begin our discussion with the question of whether a writ application—rather than an appeal—was the proper procedural vehicle for Ms. Toussaint to seek review of the judgment. To resolve this issue, we must determine if the trial court's judgment was appealable. If so, an appeal was the proper method for seeking review instead of a writ application.

We find the relevant codal articles and jurisprudence interpreting them support a finding that a judgment dismissing a request to intervene is an appealable judgment. Defining the types of judgments, La. C.C.P. art. 1841 states that a final judgment is one "that determines the merits in whole or in part." According to La. C.C.P. art. 2083, "[a] final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under [La. C.C.P. art.] 1814." Regarding final judgments, La. C.C.P. art. 1915 specifies that a final judgment can be a partial one. That is,

> A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
>
> (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

La. C.C.P. art. 1915 (A)(1). In interpreting La. C.C.P. art. 1915(A)(1) in *Simmons v. Chambliss*, the Louisiana Second Circuit Court of Appeal ("Second Circuit")

4

reviewed the trial court's judgment sustaining exceptions of no right of action and no cause of action and dismissing the claims in intervention asserted by Anthony J. Bruscato ("Mr. Bruscato"). 37,461, p. 2 (La. App. 2 Cir. 8/20/03), 852 So.2d 1237, 1238. Prior to considering the merits of the appeal, the Second Circuit ruled the appeal could proceed because the judgment was a final judgment as to Mr. Bruscato under La. C.C.P. art. 1915(A)(1) since he had been dismissed from the action and was no longer a party thereto. *Id.* at p. 2, 852 So.2d at 1239. Additionally, in *Servi-Clean Industries, Inc. v. Tonti Management Corp.*, the Louisiana Supreme Court explained that a judgment dismissing an intervention is a "final judgment" within the contemplation of La. C.C.P. art. 1841 as it is a determination of the rights of the parties in an action or proceeding. 336 So.2d 799, 805 (La. 1976).

Moreover, the Louisiana First Circuit Court of Appeal has specifically held that when a trial court denies a petition to intervene, this constitutes an appealable judgment. *First NBC Bank*, 2021-1209, p. 3, 341 So.3d at 829 (citations omitted). Further, this Court has reviewed a trial court's judgment denying a request to intervene under its appellate jurisdiction. *See generally Roy Anderson Corp. v. 225 Baronne Complex, L.L.C.*, 2022-0784 (La. App. 4 Cir. 4/11/23), 360 So.3d 144; *Amoco Prod. Co. v. Columbia Gas Transmission Corp.*, 455 So.2d 1260 (La. App. 4th Cir. 1984). In light of the foregoing, we find a judgment denying a request to intervene is an appealable judgment. Thus, an appeal was the proper method for Ms. Toussaint to seek review of the trial court's judgment denying her Motion to Intervene, not an application for supervisory writ.

***Issue Two: How to Proceed with a Writ Application Seeking Review of an Appealable Judgment***

Next, we must consider how to proceed in light of our above holding that the trial court's judgment was an appealable judgment for which Ms. Toussaint should have filed an appeal rather than a writ application. In *In re Howard*, the Louisiana Supreme Court considered a plaintiff's filing of a writ application with the Louisiana Fifth Circuit Court of Appeal rather than an appeal regarding the underlying appealable judgment. 541 So.2d 195 (La. 1989). The Louisiana Supreme Court explained the plaintiff made a mistake by seeking review of the judgment by supervisory writs rather than appeal. *Id.*, 541 So.2d at 197. Noting, however, that the plaintiff filed her motion and order with the trial court within the delay for taking a devolutive appeal, the Louisiana Supreme Court remanded the matter to the trial court with instructions to treat the plaintiff's notice of intent as a motion for appeal and to grant the plaintiff an appeal from the judgment. *Id.*

Like the plaintiff in *In re Howard*, Ms. Toussaint made a mistake when she sought review of the June 17, 2025 judgment by supervisory writs rather than by appeal because the judgment was appealable. Nevertheless, Ms. Toussaint filed her Notice of Intent and associated order well within the delays for taking an appeal. La. C.C.P. arts. 2087, 2121, 2123. Accordingly, and because "[e]very pleading shall be so construed as to do substantial justice," we find the same approach utilized by the Louisiana Supreme Court in *In re Howard* is proper here. La. C.C.P. art. 865. Though Ms. Toussaint erroneously titled her pleading "Notice of Intent to File Supervisory Writ," the trial court should have disregarded the erroneous title, treated the pleading as a timely motion for appeal, and granted the appropriate order. In the interest of justice, and because Ms. Toussaint was entitled to an

appeal of the June 17, 2025 final judgment upon the timely filing of a pleading seeking review of that judgment, we remand the matter to the trial court to treat Ms. Toussaint's July 7, 2025 pleading seeking review of the June 17, 2025 judgment as a timely motion for appeal. In light of this, we pretermit discussion of Ms. Toussaint's assignments of error.

## DECREE

For the foregoing reasons, we grant Ms. Toussaint's writ application for the limited purpose of remanding this matter to the trial court with instructions to grant Ms. Toussaint an appeal from the June 17, 2025 judgment.

**WRIT GRANTED; REMANDED**